J. K. CROUCH v. LOWTHER TRUCKING COMPANY, A CORPORATION.

(Filed 20 May, 1964.)

**1. Trover and Conversion § 2—**

The owner of personalty may recover the value of the property at the time of its conversion with interest but may not recover in addition thereto damages for the loss of the use of the property subsequent to the conversion, and demurrer to the statement of the cause of action to recover for loss of use of the property should be sustained.

**2. Torts § 1;   Contracts § 25—**

A plaintiff may not create several causes of action out of a single tortious act, nor may he create several causes of action out of a single failure to comply with a contract in its differing terms.

APPEAL by plaintiff from *Latham, S. J.,* September 9, 1963 Non-Jury Civil Term of MECKLENBURG.

This is an appeal from an order sustaining a demurrer for failure to state a cause of action in the last of seven statements. The order also directed plaintiff to re-frame the allegations of the first six causes of action so as to unite in one cause those claims based on breach of contract, with a separate statement of rights invaded by tortious conduct.

*Welling, Welling & Meek for plaintiff.*
*Helms, Mulliss, McMillan & Johnston by James B. McMillan and E. Osborne Ayscue, Jr., for defendant.*

RODMAN, J. Stripped of superfluous verbiage, the complaint alleges these facts: Plaintiff on January 31, 1963 purchased from defendant a Mack tractor for $6,500, and a Fruehauf trailer for $4,500. The tractor was to be paid for by installments of $236.00 per month; the trailer was to be paid for by installments of $30.00 per week. The plaintiff on the same day leased the vehicles to the defendant. The rental contract could after 30 days from its date be terminated by either party. Plaintiff, on proper notice, terminated the contract. On April 26, 1963 defendant wrongfully seized and took possession of the tractor. In the tractor at the time defendant seized it were a second hand tire, tire chains, and a spot light. Defendant has wrongfully refused to surrender the tractor, trailer, the spare tire, chains, or the spot light. When converted, the tractor was worth $6,500, the trailer $4,500, and the tire, chains, and spot light $135.00. The rental contract obligated plaintiff to pay insurance, taxes, driver's license, and other incidental expenses. To assure payment of these items, plaintiff deposited with defendant the sum of $1,000. Defendant properly deducted from the deposit $152.88 for taxes and insurance and $120.00 on one of the monthly payments for the tractor. It refuses to account for the unused portion of the deposit and refuses to account for rentals for the use of the tractor-trailer while the contract was in force.

Plaintiff, on the facts summarily stated, sought to create six causes of action: One for the conversion of the tractor; another for the conversion of the trailer; another for the conversion of the spare tire, tire chains, and spot light; another for failure to account for the $1,000 deposit, less the amount expended for taxes and insurance; another for failure to account for the deposit, less the amount applied on the monthly installments for the purchase of the tractor; and a sixth cause

of action for the failure to properly account for rentals accrued from the use of the property during the time the contract was in effect. To these six, he added a seventh for the amount he could have earned in the use of the tractor-trailer from the date of the conversion to the institution of the action. He prayed for the value of the property converted, for punitive damages for the conversion, for an accounting with respect to his deposit, and for the amount due under the contract for the use of the property.

Defendant, as a basis of its demurrer to the seventh cause of action, said plaintiff could not recover the value of the property converted and damage for the loss of the use of the property subsequent to the conversion. Plaintiff insists the demurrer is not sufficiently specific to meet the requirements of G.S. 1-128. We reach the opposite conclusion and hold that the court properly sustained the demurrer to the seventh cause of action. The correct measure of damage for the conversion of plaintiff's property is the value of the property taken with interest thereon. *Peed v. Burleson's, Inc.*, 244 N.C. 437, 94 S.E. 2d 351. That being true, the claim for additional compensatory damages fails to state a cause of action. Plaintiff does not seek compensation for the use of his property after he had terminated the rental contract. Manifestly, he could not claim benefits accruing under a contract after he had terminated it. *Lykes v. Grove*, 201 N.C. 254, 159 S.E. 360.

The complaint, as filed, is composed of 103 paragraphs or sections. Without caption or verification, it required more than nineteen pages of the record to reproduce it. Conceding a commendable desire to comply with the requirements of Rule 20(2) of the Rules of Practice in the Supreme Court, it is manifest that the complaint does not conform to the requirements of G.S. 1-122(2). Judge Latham's order did not dismiss the first six causes of action; it merely required plaintiff to make a plain and concise statement of the facts entitling him to relief.

A plaintiff may not create several causes of action out of a single tortious act, nor may he create several causes of action out of a single failure to comply with a contract in its differing terms. *Gaither Corporation v. Skinner*, 241 N.C. 532, 85 S.E. 2d 909; *Allison v. Steele*, 220 N.C. 318, 17 S.E. 2d 339; *Bruton v. Light Co.*, 217 N.C. 1, 6 S.E. 2d 822; *Pemberton v. Greensboro*, 205 N.C. 599, 172 S.E. 196; *Elmore v. R. R.*, 189 N.C. 658, 127 S.E. 710; *Eller v. R. R.*, 140 N.C. 140, 52 S.E. 305.

Affirmed.