**CROSS COUNTRY LEASING CORPORATION**

v.

**RYDER TRUCK RENTAL, INC.**

Civ. No. 68–C–122.

United States District Court
W. D. Virginia,
Abingdon Division.

Aug. 26, 1969.

S. Strother Smith III, Abingdon, Va., for plaintiff.

Gentry, Locke, Rakes & Moore, Roanoke, Va., for defendant.

## OPINION

HAYES, District Judge.

The defendant is engaged in the truck and trailer leasing business with a division headquarter in Augusta, Ga. Its lessee of a tractor and trailer equipment, while hauling beverages from Augusta, Georgia to Bristol, Virginia, sustained a break-down of the tractor at Erwin, Tenn. On September 30, 1968, defendant's agent called the defendant at Abingdon, Va., and asked it to deliver a heavy duty tractor to Erwin, Tenn., to pick up the trailer. The plaintiff agreed to do this and did deliver its heavy duty tractor to Elwood F. Johnson, the driver in charge, who signed the written contract for Ryder Truck Rentals which was signed for plaintiff by W. O. Wright. Both companies used the identical printed form contract. The original was kept by plaintiff's agent and the duplicate copy was delivered to defendant's driver. It became the written contract binding on both parties.

The vehicle was to be used for hauling beverages on trips to Augusta, Ga., and to be returned on or before 10–3–68. The charges were $38.50 per day plus 16¢ per mile used. When returned on October 11, 1968, it had been seriously damaged while being towed from Augusta to Abingdon, Va. when it became uncoupled from the towing tractor at a place 18 miles North of Asheville, in the state of North Carolina. The damage amounted to $6491.71 and the main controversy is which one of the parties is to suffer the loss.

When the contract is viewed from its four corners the conclusion is inescapable that the tractor was to be used for hauling beverages on trips to Augusta, Georgia. It was to be operated only on public highways by competent drivers subject to seven restrictions, the last of which, 1(g) "Outside the scope of the driver's employment and the usual course of business of *Renter.*" And it further provides that "Operation of vehicle by Renter, his employee, agent or any other authorized person, in violation of the

use and driver restrictions on Renter's warranties expressly prohibited." The basis for ascertaining the rental was 16¢ per mile which contemplated operating the vehicle on the highways to the exclusion of towing from Augusta, Ga. to Abingdon, Va.

■ The contract nowhere discloses authority to tow the tractor instead of operating it on the highways. Such authorized use is neither expressed nor implied. It is therefore manifest that the towing operation was an unauthorized use of the vehicle and contrary to the intentions of the contracting parties. The liability is controlled by the law of North Carolina, the state where the damage occurred.

■ In North Carolina it is well settled law that if the bailee deviates from the contract of bailment and as a result thereof the vehicle is damaged the loss falls on the bailee without regard to his negligence. Ordinarily if the bailee complies with the contract of bailment, the bailee is not liable except where he is negligent. As was said in the case of Pennington v. Styron, 270 N.C. 80, 153 S.E.2d 776, "An unauthorized deviation would therefore make the defendant's liability absolute, and the plaintiff would not be required to prove negligence of any type or degree."

■ The above case is authority also for the proposition that a custom must be shown to have been so general that a contracting party will be presumed to have knowledge of it, in order to make it a part of the contract. See also 8 Am. Jur.2d Bailments Sec. 126; Universal Oil & Fertilizer Co. v. Burney, 174 N.C. 382, 93 S.E. 912. Such a custom has not been established in the instant case.

■■ In arriving at the measure of damages it is determined that it is the difference in value immediately before and immediately after the injury, with interest thereon as decided in typical conversion cases. Crouch v. Trucking Co., 262 N.C. 85, 136 S.E.2d 246, where it is held: "The correct measure of damage for the conversion of plaintiff's

property is the value of the property taken with interest thereon. Peed v. Burleson's, Inc., 244 N.C. 437, 94 S.E.2d 351." Hence no additional compensatory damages are recoverable.

There seems to be no difference in the determination of the measure of damages arising from an unauthorized use of bailed property, or damages for a breach of contract, or in cases of conversion. For an extensive annotation, see Fox Chevrolet Sales v. Middleton, to Use of Self etc., 203 Md. 158, 99 A.2d 731, 43 A.L.R.2d 399 at pages 403, 427, 431, and 441.

The tractor was demolished in the accident on October 7, 1968, rendering it impossible for the parties to thereafter complete the contract.

Judgment will be entered for plaintiff in accordance with this opinion.