**UNITED STATES of America,
Appellant,**

v.

**Richard E. TUGWELL, Appellee.**

**No. 85–1157.**

United States Court of Appeals,
Fourth Circuit.

Argued Aug. 1, 1985.
Decided Sept. 25, 1985.

Richard L. Robertson, Asst. U.S. Atty. (Kenneth W. McAllister, U.S. Atty., Greensboro, N.C., on brief), for appellant.

Daniel E. Garner (Richard M. Hutson, II, Durham, N.C., on brief), for appellee.

Before PHILLIPS and SNEEDEN Circuit Judges, and JONES, United States District Judge for the Western District of North Carolina, sitting by designation.

PER CURIAM:

The Farmers Home Administration (FmHA), a secured party holding a perfected security interest in farm equipment, sued Richard E. Tugwell for conversion after Tugwell bought the equipment from the debtor. FmHA alleged that the equipment, a grain combine, broke down during its use by Tugwell and that Tugwell has wrongfully deprived FmHA of its rights to the combine. The issue is whether, under the facts alleged by FmHA, Tugwell is entitled to summary judgment. The district court, 597 F.Supp. 486, found that although the facts technically established conversion, the case was not an appropriate one for maintenance of a conversion action and gave summary judgment for Tugwell. We reverse.

I

FmHA took a security interest in a grain combine owned by Thurgood M. Bradshaw as a security for loans Bradshaw owed to FmHA. Bradshaw sold the combine to Tugwell, who apparently was unaware of FmHA's security interest, without the authorization of FmHA. Tugwell used the combine for a short time until it broke down, and thereafter, he stored the machine after removing its wheels. FmHA was unable to locate Bradshaw in order to collect its loans, and therefore, filed suit against Tugwell for conversion seeking the fair market value of the combine at the time of conversion as damages. Tugwell offered to replace the wheels and tender the combine to FmHA, but only on the condition that FmHA pay him for storage expenses.

When the Government sued Tugwell for conversion, the district court granted summary judgment to Tugwell on the basis that under relevant federally adopted state law, conversion was not an available remedy to the FmHA as holder of a security interest. This appeal by the Government followed.

II

■ Federal law governs this dispute concerning FmHA's rights under a nationwide federal program. *See United States v. Kimbell Foods, Inc.,* 440 U.S. 715, 726–27, 99 S.Ct. 1448, 1457, 59 L.Ed.2d 711 (1979). The relevant federal law is, by adoption, local state law, here the law of North Carolina, because the need for national uniformity is not great, adoption of North Carolina law will not frustrate the FmHA program, and adoption of a rule different from local law could disrupt local practice. *See id.* at 728–40, 99 S.Ct. at 1458–64; *United States v. Friend's Stockyard, Inc.,* 600 F.2d 9, 10 (4th Cir.1979).

■ Under N.C.Gen.Stat. § 25–9–306(2), FmHA's security interest continued in the combine after the sale to Tugwell because FmHA did not authorize the sale and Tugwell did not qualify for protection under § 25–9–307. Official Comment 3 to § 306 states that § 306(2) allows the secured party to obtain satisfaction against either proceeds in the hands of the debtor or the collateral in the hands of the purchaser. The Official Comment there states that "the secured party may repossess the collateral from [the transferee] *or in an appropriate case maintain an action for conversion.*" (Emphasis added.)

■ Under North Carolina law, FmHA must prove its interest in the combine and Tugwell's unauthorized dominion over it to establish a cause of action for conversion. *See Peed v. Burleson's, Inc.,* 244 N.C. 437, 94 S.E.2d 351, 353 (1956). FmHA's security interest in the combine is a sufficient interest to ground an action for conversion. *See United States v. Pete Brown Enterprises, Inc.,* 328 F.Supp. 600 (N.D.Miss. 1971) (applying North Carolina law); *see also* N.C.Gen.Stat. § 25–9–306 Official Comment 3. In addition, Tugwell's act of taking possession of the combine with intent to acquire in it a proprietary interest that Bradshaw was not empowered to give represents sufficiently serious unauthorized dominion over the combine to fulfill the second element of the tort. *See Restatement (Second) of Torts* § 229 & comment b (1966).

### III

The district court found that FmHA had technically established that Tugwell converted the combine. This finding is not clearly erroneous since FmHA established its ownership interest in the combine and serious unauthorized dominion over it by Tugwell.

Nevertheless, the district court gave summary judgment for Tugwell after noting that N.C.Gen.Stat. § 25–9–306 Official Comment 3 states that the secured party may sue for conversion in appropriate cases. Apparently construing the "appropriate cases" reference as conferring judicial discretion to withhold the remedy due to equitable considerations, the court held that this was not an appropriate case for maintenance of a conversion action. In the court's view, FmHA had a security interest in the proceeds of the sale in the hands of Bradshaw, the debtor, and in the interests of fairness it should be required to seek those proceeds before seeking conversion damages against Tugwell, the transferee.

We disagree with the district court's interpretation and application of the "appropriate case" reference. We conclude that it simply means that where the facts justify recovery of damages for conversion, this is an appropriate alternative remedy that may be pursued by the security interest holder. In *Pete Brown Enterprises*, 328 F.Supp. at 605–06, the court noted that North Carolina law "does not impose upon the secured creditor a legal duty to proceed against the debtor as a prerequisite to suit against a converter." Indeed, the Official Comment states that the "secured party may claim both proceeds and collateral, but may of course have only one satisfaction." The "appropriate case" language of the Official Comment therefore means only that the traditional elements of the conversion action must of course be present, not that other remedies must have been exhausted, or that exhaustion can be judicially required as a pre-requisite to invocation of the conversion remedy.

### IV

Hence we reverse the grant of summary judgment for Tugwell, affirm the finding that Tugwell converted the combine, and remand for entry of partial summary judgment in favor of the Government on the issue of Tugwell's liability. The measure of damages for conversion is fair market value of the converted property at the time of conversion plus interest. *Crouch v. Lowther Trucking Co.*, 262 N.C. 85, 136 S.E.2d 246, 247 (1964). The issue of damages due under that measure remains for determination upon remand.

REVERSED AND REMANDED.