No. 85–727.   MISSOURI FARMERS ASSN., INC. *v.* UNITED STATES.   C. A. 8th Cir.   Certiorari denied.

JUSTICE WHITE, dissenting.

In this case the United States Court of Appeals for the Eighth Circuit held that a federal regulation provides the appropriate rule for deciding whether the Farmers Home Administration (FmHA)

retains a continuing security interest in collateral to whose sale the FmHA allegedly consented.* 764 F. 2d 488 (1985). The question presented is whether, under *United States* v. *Kimbell Foods, Inc.*, 440 U. S. 715 (1979), the Eighth Circuit erred in looking to federal regulations rather than state law for the rule of decision.

In *Kimbell Foods* this Court determined that although federal law should determine the priority of liens stemming from federal lending programs, a national rule is not necessary to protect the federal interests underlying the loan programs of the Small Business Administration and FmHA. Thus, we held that "absent a *congressional* directive, the relative priority of private liens and consensual liens arising from these Government lending programs is to be determined under nondiscriminatory state laws." *Id.*, at 740 (emphasis added).

I find it difficult to reconcile the Court of Appeals' decision with *Kimbell Foods*. A federal regulation is not a congressional directive, and although *Kimbell Foods* involves a question of lien priority while the present case concerns the extinguishment of a federal lien, that distinction is tenuous at best.

Besides being in obvious tension with *Kimbell Foods*, the Court of Appeals' decision conflicts with the decision in *United States* v. *Tugwell*, 779 F. 2d 5 (CA4 1985), which holds that under *Kimbell Foods* the question whether a FmHA lien is extinguished upon sale of the collateral must be resolved by looking to state law. I would grant certiorari to resolve this conflict among the Courts of Appeals.

---

*The regulation on which the Eighth Circuit relied is 7 CFR § 1962.18(b) (1985), which at the time the case was decided provided in relevant part:

"When borrowers [from the FmHA] sell security, the sale will be made subject to the FmHA lien. The property and proceeds will remain subject to the lien until the lien is released or the sale is approved by the County Supervisor and the proceeds are used for one or more of the purposes stated in § 1962.17."

This regulation has since been rewritten: 50 Fed. Reg. 45787 (1985) (proposed 7 CFR § 1962.17(a)), which provides that "[w]hen the borrower sells security, the property and proceeds remain subject to the lien until the lien is released by the County Supervisor." This change in wording is immaterial to the issues presented in this case.