## Staunton

NORVIEW CARS, INC. v. GERALD CREWS.

September 8, 1967.

Record No. 6473.

Present, All the Justices.

*Jerrold G. Weinberg* (*Stackhouse and Weinberg*, on brief), for plaintiff in error.

*M. T. Bohannon, Jr.* (*Herbert & Bohannon*, on brief), for defendant in error.

CARRICO, J., delivered the opinion of the court.

It was stipulated in the trial court that the defendant, Gerald Crews, was liable to the plaintiff, Norview Cars, Inc., for the damage he negligently caused to one of the plaintiff's taxicabs in a collision between his automobile and the taxicab.

It was further stipulated that the cost of the reasonable and necessary repairs to the taxicab was $1,349.19 and that the difference between the market value of the cab before and after it was damaged was $415.00.

In argument before the trial court, the plaintiff contended that it was entitled to recover $1,349.19, the cost of repairs, asserting that such cost was the proper measure of damages. The defendant contended that $415.00, the amount of diminution in value of the cab, was the proper measure.

The trial court adopted as the measure of damages the difference between the market value of the taxicab before and after the accident. The court entered final judgment in favor of the plaintiff in the sum of $415.00, and the plaintiff was granted a writ of error.

The sole question to be decided is whether the trial court erred in assessing the amount of damages which the plaintiff was entitled to recover.

As the plaintiff states in its brief, "The yardstick to be applied to measure damages negligently inflicted to an automobile presents a case of first impression to this Court."

The plaintiff conceded in the trial court that "the ordinary rule would be that the difference in fair market value would be the proper element of recovery where such is less than the cost of repair as here."[1] The plaintiff contended, however, that it was entitled to recover the higher figure for the cost of repairs because "special circumstances which exist here" constituted an exception to the general rule.

On appeal, the plaintiff still adheres to the "special circumstances" exception to the general rule but also urges us to adopt, as the proper measure of damages in a case such as this, the rule set forth in the Restatement of the Law of Torts, § 928, as follows:

"Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for

"(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and

"(b) the loss of use."

The plaintiff contends that it is entitled to the cost of the repairs

[1]The general rule is more precisely set forth in the case of *Riddle* v. *Baltimore & O. R. Co.*, 137 W. Va. 733, 751, 73 S. E. 2d 793, 803, as follows:

"In the valuation of personal property, which has been damaged but not destroyed, the measure of damages is the difference between the market value of the property immediately before and immediately after the property was damaged, plus necessary and reasonable expenses incurred by the owner in connection with the injury. . . . An exception to this rule is that where tangible personal property can be restored by repairs and the repairs would be less than the diminution in value because of the injury, the amount recoverable is the reasonable cost of restoring the property to its former condition. . . ."

to its taxicab, although that figure is considerably higher than the difference between the market value of the cab before and after it was damaged, under either the general rule or the Restatement rule.

That is so, the plaintiff argues, because of special circumstances existing in this case which require the granting of an exception to the general rule and which also show that it was "feasible" to make the repairs under the Restatement rule.

Those special circumstances, according to the plaintiff, exist because of an ordinance of the city of Norfolk which provides that "[n]o used automobile converted into a taxicab shall be used as such." The plaintiff then says that since it cannot, because of the ordinance, take the difference between the market value of the taxicab before and after the damage and purchase a used automobile and convert it into a taxicab, it is entitled to recover the cost of repairs to place it "in the same position it would have been in had the wrongdoer not done what he did."

We need not decide whether to adopt the general rule and the contended-for exception thereto or the Restatement rule, if there be, indeed, any real difference between the two rules. The plaintiff has failed to bring itself within either the so-called "special circumstances" exception to the general rule or the Restatement rule, in view of the stipulation which it entered into in the trial court.

The stipulation was that, because of the city ordinance, the plaintiff could not use as a taxicab a secondhand automobile which had been converted into a taxicab.

However, as the defendant points out, the city ordinance does not prevent the plaintiff from purchasing a used taxicab and employing it in place of the damaged cab.

There was nothing in the stipulated evidence submitted to the trial court showing that the plaintiff could not have purchased a used taxicab, equal in value to its own in an undamaged state, for an amount representing the difference between the market value of its cab before and after the damage plus the salvage value thereof. Thus, the evidence did not show any "special circumstances" existing with regard to the plaintiff sufficient to justify a departure from the general rule or to make the costly repairs "feasible" under the Restatement rule.

The trial court did not err in assessing the amount of damages which the plaintiff was entitled to recover. The judgment appealed from will, therefore, be affirmed.

*Affirmed.*