### Richmond

HENRY T. AVERETT v. JAMES V. SHIRCLIFF

September 1, 1977.

Record No. 760750.

Present: All the Justices.

*Henry M. Sackett, III (Edmunds, Williams, Robertson, Sackett, Baldwin & Graves,* on briefs), for plaintiff in error.

*S. James Thompson, Jr. (Theodore J. Craddock; Caskie, Frost, Hobbs & Hamblen,* on brief), for defendant in error.

*Amicus Curiae:* State Farm Mutual Insurance Company *(John B. Browder; Browder, Russell, Little, Morris & Butcher,* on brief), for appellant.

I'Anson, C.J., delivered the opinion of the Court.

Plaintiff, James V. Shircliff, instituted this action against the defendant, Henry T. Averett, to recover damages to his automobile, certain personal property in the trunk of the car, and the loss of use of his vehicle as a result of defendant's negligence in the operation of an automobile which collided with plaintiff's vehicle. The defendant admitted liability, and the case was tried by a jury on the issue of damages only. The jury returned a verdict for the plaintiff and awarded $4,000 as damages to the car and $160 for damages to the personal property in the car.

Plaintiff moved the court to set aside the jury's verdict and award him judgment as a matter of law in the amount of $8,059 on the ground that under the Restatement of the Law of Torts, § 928 [1], he "had a right to elect" as his measure of damages the

1. Section 928 of the Restatement of the Law of Torts reads as follows:
   "Where a person is entitled to a judgment for harm to chattels not amounting to a total destruction in value, the damages include compensation for
   "(a) the difference between the value of the chattel before the harm and the value after the harm or, at the plaintiff's election, the reasonable cost of repair or restoration where feasible, with due allowance for any difference between the original value and the value after repairs, and
   "(b) the loss of use."

difference in the value of the automobile before and after the accident. Alternately, plaintiff moved that he be awarded a new trial on the grounds that the court had erred in instructing the jury and in refusing to admit certain evidence.

The trial judge, in a written opinion, held that the Restatement rule as set forth in refused Instruction 1, which would have told the jury that plaintiff's measure of damages was the difference in the value of the car before and after the accident, was the proper measure of plaintiff's damages; and that he had erred in granting Instruction 1a which told the jury that the proper measure of plaintiff's damages was the difference between the fair market value of the damaged vehicle immediately before the accident and the fair market value of the vehicle immediately after the accident, with the exception that if the vehicle could be restored to its former condition by repairs and the cost of repairs would be less than the diminution in value because of the injury, then the measure of damages was the cost of repairs plus any applicable depreciation. Thereupon, the court set aside the jury's verdict and entered final judgment for the plaintiff in the amount of $8,059, awarding $7,899 as damages to the automobile and $160 as damages for the loss of the personal property in the vehicle.

Defendant contends that Instruction 1a set forth the general rule for determining the proper measure of damages to plaintiff's automobile; and that the trial court erred in adopting plaintiff's interpretation of the Restatement rule as the proper measure of damages, and in setting aside the verdict of the jury and entering final judgment for the plaintiff rather than awarding a new trial because the evidence was conflicting.

The evidence shows that on the night of September 20, 1973, plaintiff's 1973 Mercedes-Benz automobile was parked on Garmon Drive in the city of Lynchburg when it was struck from the rear by an automobile driven by the defendant. Plaintiff's automobile was damaged to the extent that it could not be driven away. At plaintiff's direction, the car was towed to the garage of Kenneth Hammersley Mercedes-Benz, Inc. (Hammersley) where it remained unrepaired for a considerable period because Kenneth Hammersley had advised plaintiff that the car could not be repaired.

Subsequently, Hammersley purchased the car from the plaintiff for $5,101, the highest of four bids obtained by the

plaintiff, and proceeded to have the vehicle repaired. After the car was repaired, Kenneth Hammersley drove it to Florida and back. Approximately nine months after the accident, Hammersley sold the car to an acquaintance for $8,995.

Kenneth Hammersley testified that the automobile could not be restored by repairs to its value immediately before the accident. It was his opinion that the value of the automobile before the accident was between $13,000 and $13,500.

James N. Moore, service manager for Hammersley, testified the car was a "total loss" as a result of the accident and repairs could not restore it to its former condition. He stated, however, that after Hammersley purchased the automobile, every effort was made to repair and restore the car to its condition before the accident, but there were many defects in the car after repairs were made. Moore was unable to state the exact cost of the repairs because he said the repairs were made in several repair shops. He estimated, however, that the total cost of repairs was approximately $3,000.

Richard Fitzgerald, an appraiser and employee of Stokley Roberts, Inc., an independent automotive appraisal company, testified that the car could be repaired and restored to its former condition at a cost of $2,631.04, but there should be a 10% allowance for depreciation of the car's original value because it had been in an accident. Fitzgerald stated that he obtained several agreements to repair and restore the car to its former condition for $2,631.04, but no repair shop would sign them because plaintiff would not agree to have the car repaired. Fitzgerald also testified he saw the automobile after it had been repaired, and he could not tell that it had been in an accident.

Stokley Roberts, president of Stokley Roberts, Inc., testified that the automobile could be restored to its former condition for the amount of the estimates obtained by Fitzgerald, and that there should be a depreciation allowance from 7% to 10% because of the accident. He also said that the fair market value of the plaintiff's car in its unrepaired state was between $9,000 and $9,500.

Fitzgerald and Roberts agreed with Kenneth Hammersley that the car was in excellent condition before the accident, and its fair market value immediately before the accident ranged from $13,000 to $13,500.

The evidence further shows that the personal property in the car which was damaged as a result of the accident had an approximate value of $159, but defendant does not contend that the award of $160 for damages to the property in the trunk of the car was improper. Plaintiff presented no evidence of his claim for loss of the use of his automobile.

The question presented is what is the proper measure of damages in the present case. The precise issue has not heretofore been decided by us.

In *Norview Cars* v. *Crews*, 208 Va. 148, 149-50, 156 S.E.2d 603, 605 (1967), we quoted the general rule [2] with its exception and the Restatement rule. However, we found it unnecessary to adopt either the general rule and the contended for "special circumstances" exception thereto or the Restatement rule, "if there be, indeed, any real difference between the two rules," because of the stipulation plaintiff had entered into in the trial court.

In an annotation entitled "Damages — Injury to Pleasure Vehicles," at 169 A.L.R. 1100 (1947), numerous cases are collected, and the general rule with its exception is stated and applied to variant circumstances. The author of the annotation, in summarizing the principles on the issue, states:

> "Where the automobile is totally destroyed the measure of damages is the market value of the automobile as at the time of destruction. . . .
>
> "Where the automobile is damaged but not completely destroyed the measure of damages is basically the difference between market value at the time of the injury and market value after the injury, which, where the injury is susceptible of repairs, is ordinarily measured by the cost of reasonable repairs necessary to restore the automobile to its original condition . . . together with . . ."

---

2. The general rule was quoted from *Riddle* v. *Baltimore & O. R. Co.*, 137 W. Va. 733, 751, 73 S.E.2d 793, 803 (1952), as follows:

"In the valuation of personal property, which has been damaged but not destroyed, the measure of damages is the difference between the market value of the property immediately before and immediately after the property was damaged, plus necessary and reasonable expenses incurred by the owner in connection with the injury. . . . An exception to this rule is that where tangible personal property can be restored by repairs and the repairs would be less than the diminution in value because of the injury, the amount recoverable is the reasonable cost of restoring the property to its former condition. . . ."

the diminution in value of the injured property after repairs are made. *Id.* 1100-01. *See also* 25 C.J.S. *Damages,* § 83 at 905 *et seq.* (1966); 22 Am. Jur. 2d *Damages,* § 148 at 213-15 (1965).

█ Most jurisdictions confronted with situations such as exist in the present case have held that where an automobile has been damaged but not totally destroyed and it is reasonably susceptible of repairs, the measure of damages is the cost of repairs and any diminution of the automobile's market value which results from the car having been injured after the repairs; that is, the cost of repairs plus any amount of depreciation in value of the vehicle as repaired. *Fred Frederick Motors, Inc.* v. *Krause,* 12 Md. App. 62, 63-65, 277 A.2d 464, 465-66 (1971); *Halferty* v. *Hawkeye Dodge, Inc.,* 158 N.W.2d 750, 753-54 (Iowa 1968); *United States Fidelity & Guar. Co.* v. *P. & F. M. Express,* 220 N.C. 721, 18 S.E.2d 116-17 (1942); *Larson* v. *Long,* 74 Colo. 152, 219 P. 1066 (1923); McCormick Law of Damages, § 124 (1935 ed.); 15 Blashfield Automobile Law and Practice § 480.11 (3d ed. 1965); 25 C.J.S. *Damages,* § 83 at 914-15 (1966); Annot., 169 A.L.R. 1112 (1947).

Instruction 1a granted by the trial court is in accord with the above principles. It reads, in pertinent part, as follows:

"The Court instructs the jury that in the valuation of personal property, which has been damaged but not destroyed, the measure of damages is the difference between the market value of the property immediately before and immediately after the property was damaged.

"The Court further instructs the jury that an exception to this rule is that where personal property can be restored by repairs and the repairs would be less than the diminution in value because of the injury, the amount recoverable is the reasonable cost of restoring the property to its former condition.

"Thus, if you believe from the preponderance of the evidence that the car involved could not be restored to its former condition by repairs, the measure of damages is the difference between the market value of the car immediately before and immediately after the accident.

"And if you believe from a preponderance of the evidence that the car involved could be restored to its former condition

by repairs, the measure of damage is the reasonable cost of repairs, with reasonable allowance for depreciation."

There is little difference between the rule set out in Instruction 1a and the Restatement rule. Both rules are merely evidentiary methods for determining that amount which will reasonably compensate the owner for his actual pecuniary loss sustained as a result of a negligent or wrongful act. The reasonable cost of repairs is one of the evidentiary factors in determining the market value of an automobile after it has been damaged. *See Ripley* v. *C. I. Whitten Transfer Co.*, 135 W. Va. 419, 422, 63 S.E.2d 626, 628 (1951).

The only significant difference in the two rules is that under the Restatement rule a plaintiff has the option of recovering either the difference in the value of the vehicle immediately before and immediately after the accident or the reasonable cost of repairs plus any depreciation in value after repairs. But we think that the jury, not the plaintiff, should make that determination based on the evidence presented.

The general rule with its exception as set forth in Instruction 1a is a fair and proper one, and we adopt it as the rule in Virginia for determining the proper measure of damages to motor vehicles.

In the case at bar, there was conflicting evidence as to what was the difference in the automobile's value immediately before and immediately after the accident and whether or not repairs could restore the car to its former condition. Since the conflict in the evidence presented factual questions for the jury's determination, we hold that the trial court erred in setting aside the jury's verdict and as a matter of law entering judgment for the plaintiff in an amount based on the difference between the value of the automobile immediately before and immediately after the accident.

Plaintiff assigns as cross-error the refusal of the trial court to allow him to cross-examine defendant's witnesses Fitzgerald and Roberts for the purpose of showing that they were employed by Lumbermen's Mutual Casualty Company, defendant's insurer, and their bias or interest in the outcome of the case.

In support of his argument, plaintiff relies on *John Doe* v. *Simmers*, 207 Va. 956, 960-61, 154 S.E.2d 146, 149 (1967) and *Highway Express Lines* v. *Fleming*, 185 Va. 666, 672-73, 40

S.E.2d 294, 298 (1946). Neither case is controlling here. In both of those cases, the witnesses examined were regular employees of the defendant's insurance carrier who had been called to testify as to prior inconsistent statements by the plaintiff or plaintiff's witnesses on questions of liability. Under those circumstances, we held that it was not error to permit cross-examination of the witnesses for the purpose of showing their bias or interest and their relationship to the insurance companies, the parties ultimately liable.

The proffered evidence showed that the Roberts agency made appraisals of automobiles for many insurance companies and that the agency was employed by Lumbermen's Mutual Casualty Company to appraise plaintiff's automobile. To have permitted the plaintiff to show the witnesses were employed by Lumbermen's Casualty Company to appraise plaintiff's automobile would have improperly injected the question of insurance in the case. Thus we hold that the court did not err in refusing the evidence proffered by the plaintiff.

For the reasons stated, we reverse the judgment, reinstate the verdict of the jury, and enter judgment thereon for the plaintiff in the amount of $4,160.

*Judgment reversed, verdict of the jury reinstated, and judgment is here entered thereon.*