# CIRCUIT COURT OF NELSON COUNTY

Theresa Beck

    v.

Drumheller's Orchard, Inc.

August 13, 2008

Case No. CL07000362

BY JUDGE J. MICHAEL GAMBLE

    I am writing to furnish you my opinion in this case. In this regard, I find in favor of the defendant.

    This is a bailment case. The basic facts are that the plaintiff purchased a log home kit. The plaintiff and the defendant contracted to store the logs on the property of the defendant. The plaintiff and the defendant initially expected to move the logs from the real estate of defendant to the real estate of the plaintiff in July 2005. For disputed reasons, this did not occur. Eventually, in May 2007, a man appeared at the defendant's property in a vehicle bearing Maryland plates and obtained the logs from the defendant. The person obtaining the logs stated that he was there to pickup the logs for the plaintiff. Apparently, this was untrue and the logs disappeared. No information was obtained about the man, and the plaintiff was not contacted.

In January 2007, the plaintiff and Kevin Drumheller, the defendant's representative, had a discussion about the logs. It is disputed whether or not Kevin Drumheller requested the plaintiff to remove the logs from the property. Nonetheless, they were not removed until the unknown man appeared in May of 2007.

In September of 2007, the plaintiff appeared to retrieve the logs. At that time, she was informed by Kevin Drumheller that the logs had been removed from the premises. This lawsuit ensued.

The initial question is whether or not the legal relationship between the plaintiff and the defendant at the time that the logs were removed in May 2007 was a gratuitous bailment or a contractual bailment for consideration. The significance is that, under a gratuitous bailment, the bailee owes only a slight duty of care while, under a contractual bailment for consideration, the bailee owes a duty of reasonable or ordinary care. *Morris v. Hamilton*, 225 Va. 372, 375, 302 S.E.2d 51 (1983).

I find that this is a contractual bailment for consideration. The parties entered into a written contract. This contract was entered into at the time that the logs were transferred from the plaintiff, bailor, to the defendant, bailee. This established the commercial relationship for consideration at the time of the transfer of bailed goods.

The relationship of the parties in a bailment context is defined at the time that the goods are delivered from the bailor to the bailee. *Crandall v. Woodard*, 206 Va. 321, 327, 143 S.E.2d 923 (1965). See also the rationale (but not precedent) in the unpublished opinion of the Supreme Court in *Evans v. Charles Barker Infinite, Inc.*, 2002 Va. LEXIS 91 (Va. 2002). At the time that the logs were transferred from the plaintiff to the defendant, their bailment relationship was established by contract. Nothing modified this relationship in their subsequent conduct.

Accordingly, the defendant was required to use ordinary care as the bailee. The defendant clearly did not use ordinary care. The defendant allowed a person to remove the logs without requiring identification from the person and without contacting the plaintiff to determine whether or not the logs should be released. It is certainly not reasonable nor ordinary care to release property being held for another in a commercial transaction to an unknown person without requiring identification of that person and authorization from the owner.

Even though the defendant breached its duty of care, damages have not been proven. The only damages offered by the plaintiff are damages based upon the original purchase price of the property. The plaintiff testified that she paid over $14,600.00 for the logs, doors, and windows pursuant to a contract

entered into on November 8, 2003. It should be noted that this contract provides for payment of $11,110.00. The logs were stolen in May 2007. There was no evidence of the value of the logs (separate from the windows and doors) as of the date they were stolen in May 2007, almost four years after the initial sale. When personal property is lost, converted, stolen, or totally destroyed, the measure of damages is the market value at the time that this occurred. *Straley v. Fisher*, 176 Va. 163, 167, 10 S.E.2d 551 (1940); *Averett v. Shircliff*, 218 Va. 202, 206, 237 S.E.2d 92 (1977); *Cross Country Leasing Corp. v. Ryder Truck Rental, Inc.*, 302 F. Supp. 1274, 1276 (W.D. Va. 1969). The plaintiff presented no evidence of the market value of the logs in May 2007. The defendant presented evidence that the logs had been infested by insects, been outside in the elements, and had their protective wrap deteriorate over the almost four year period. Accordingly, the evidence of the plaintiff did not allow for either the change in market value or depreciation in value over time. Also, the value of the logs separate from the value of the doors and the windows in the original purchase price was not established. Accordingly, the court is left only to speculate as to the damages, if any, to the plaintiff.

Judgment is awarded to the defendant, and this case is dismissed.