# CIRCUIT COURT OF THE CITY OF HOPEWELL

Janice Denton

v.

City Council of the
City of Hopewell

December 21, 2015

Case No. CL 2015-71

By Judge W. Allan Sharrett

The Court must decide whether to grant or deny Petitioner's Motion for Summary Judgment.

## Facts

This matter comes before the Court on Petitioner's appeal from the General District Court's denial of her petition seeking an injunction to prohibit the Defendant, the City Council of the City of Hopewell ("Hopewell City Council"), from going into closed sessions to discuss elections to the position of mayor and vice-mayor and her Motion for Summary Judgment filed on or about August 10, 2015, against the Defendant. The Court heard arguments on this Motion on August 18, 2015, and both parties subsequently filed supplemental written arguments. The basic facts of the case are as follows.

On January 6, 2015, at the Hopewell City Council reorganizational meeting following the general public election of the City Council in November 2014, a motion was made and seconded to go into closed meeting. The motion stated that the purpose of the closed session was:

> For discussion, consideration, or interviews of prospective candidates for employment; assignment, appointment, promotion, performance, demotion, salaries, disciplining,

or resignation of specific public officers, appointees, or employees of any public body. . . .

Two councilors dissented in the vote on the motion and stated their objections on the record. During the closed meeting, the five other councilors discussed elections for the office of mayor and vice-mayor. Following the closed session, the City Council reconvened the open meeting and moved into nominations and elections for the position of mayor and vice-mayor.

On or about January 29, 2015, Petitioner filed this suit *pro se* in the City of Hopewell General District Court seeking an injunction to prohibit the Hopewell City Council from going into closed session to discuss the election of the mayor or vice-mayor. This appeal followed a ruling in favor of the City Council. Both parties are now represented by counsel.

### Discussion

Supreme Court of Virginia Rule 3:20 states that "[s]ummary judgment shall not be entered if any material fact is genuinely in dispute." Va. Sup. Ct. R. 3:20 (2014). Thus, summary judgment is only appropriate when the movant establishes there is no genuine issue of material fact after adopting those facts most favorable to the non-moving party and, therefore, the moving party is entitled to judgment as a matter of law. *United Leasing Corp. v. Thrift Ins. Corp.*, 247 Va. 299, 301, 440 S.E.2d 902, 903 (1994). When considering a summary judgment motion, this Court must accept "as true those inferences from the facts that are most favorable to the non-moving party, unless the inferences are forced, strained, or contrary to reason." *Klaiber v. Freemason Assocs.*, 266 Va. 478, 484, 587 S.E.2d 555, 558 (2003). In the instant case, the parties have filed joint stipulations regarding the material facts of the case. The questions for this Court remain questions of law, and summary judgment is appropriate.

Under the Freedom of Information Act ("FOIA"), no meeting of a public body may be closed to the public unless specifically exempted under the statute. Va. Code Ann. § 2.2-3700(B) (2015). Additionally, the statute specifically provides:

> The provisions of this chapter shall be liberally construed to promote an increased awareness by all persons of governmental activities and afford every opportunity to citizens to witness the operations of government. Any exemption from public access to records or meetings shall be narrowly construed and no . . . meeting closed to the public unless specifically made exempt. . . .

Va. Code Ann. § 2.2-3700(B) (2015).

The City has the burden to show that an exemption applies in this case. Va. Code Ann. § 2.2-3711(A)(1) (2015). This Court, after reviewing the

written submissions of both parties, adopts the reasoning and arguments of Petitioner, and, finding them sound, finds the City has not met its burden to show that an exemption applied here to permit the Hopewell City Council to enter closed session to discuss the election of councilors to the positions of mayor and vice-mayor.

At the heart of this matter is the method by which the Hopewell City Council selected the city's mayor and vice-mayor. Specifically, this Court must decide whether there is a material distinction between an election and an appointment within the Code of Virginia, and, if so, whether the mayor and vice-mayor here were elected or appointed. The Court will not rehash all of Petitioner's arguments or authority. However, this Court agrees with Petitioner that there is a fundamental distinction between an "appointment" and an "election," that only an "appointment" is covered by the exemption, and that the method employed by the Hopewell City Council was an election. Therefore, the closed session at the January 6, 2015, meeting was not covered by an exemption and was improper.

As Petitioner explains in her Response to Respondent's Supplemental Arguments, an appointment is the exercise of power by the body as a whole, whereas, in an election, the power resides with individual members of the body. Although it is true that there may be little distinction between an election and an appointment in practice, that is not always the case. The language chosen by the General Assembly in the Code also supports the proposition that the terms are neither synonymous nor interchangeable. Not only are the two terms repeatedly referenced disjunctively throughout the relevant portions of the Code, but, when the General Assembly uses the terms independently of one another, the canons of statutory construction as well as context indicate that the language employed is intentional and precise, not careless. As such, the Court finds that there is a fundamental distinction between an "appointment" and an "election."

Further utilizing the well-established rules of statutory construction, the Court in turn also finds that the exclusion of the term "election" from the FOIA statute was a conscious and intentional choice. Because exemptions must be narrowly construed, this Court, therefore, finds it is appropriate to limit the statutory exemption here to appointments, and declines to extend it to elections. Va. Code Ann. § 2.2-3711(A)(1) (2015).

Finally, the Court finds that the method used by the Hopewell City Council to select the mayor and vice-mayor was an election. The Virginia Code specifically requires a city council to elect one of its members as the presiding officer. Va. Code Ann. § 15.2-1422 (2015). As stated above, the Court finds that, when the General Assembly used the term "elect" here, that was a precise language choice, and the General Assembly did not mean for the Council to select one of its members by choosing either election or appointment. Further, the Hopewell Charter describes the process for choosing a mayor and vice-mayor as an election, as do the meeting minutes

from the January 6, 2015, reorganizational meeting. The Court has found no evidence in the record or supplemental submissions to otherwise persuade it that the method of selection used by the Hopewell City Council was actually an appointment.

Thus it is the finding of this Court that a City Council cannot hold closed meetings to discuss whom to elect to the position of mayor or vice-mayor, which is what the Hopewell City Council did when it went into closed session at its January 6, 2015, meeting. Therefore, Petitioner's Motion for Summary Judgment is granted, and the Hopewell City Council will not conduct closed meetings in the future for the purposes of discussing the election of City Councilors to the positions of mayor or vice-mayor.

## Conclusion

Accordingly, for the reasons stated herein, Petitioner's Motion for Summary Judgment is granted. Additionally, there having been no evidence submitted on attorney's fees, the request for attorney's fees is denied.