PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, Alston and Russell
Argued by teleconference

BRYAN DUNNINGTON COCKE

                                                    OPINION BY
v.        Record No. 1553-16-3        JUDGE WILLIAM G. PETTY
                                                    JULY 11, 2017

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CAMPBELL COUNTY
John T. Cook, Judge

    Mark B. Dunevant (Philip B. Baker; Sanzone & Baker, L.L.P., on
    brief), for appellant.

    Elizabeth Kiernan Fitzgerald, Assistant Attorney General (Mark R.
    Herring, Attorney General, on brief), for appellee.


        Bryan Dunnington Cocke was convicted of leaving the scene of an accident in violation

of Code § 46.2-894(i).  Cocke argues on appeal that the Commonwealth failed to prove that "the

accident resulted in more than $1,000 damage to property" as required by the statute for a felony

conviction.  We disagree and affirm the trial court.

                                                BACKGROUND

        "In accordance with familiar principles of appellate review, we 'state the evidence

presented at trial in the light most favorable to the Commonwealth, the prevailing party below.'"

Pearson v. Commonwealth, 43 Va. App. 317, 319, 597 S.E.2d 269, 270 (2004) (quoting Johnson

v. Commonwealth, 259 Va. 654, 662, 529 S.E.2d 769, 773 (2000)).

        On April 2, 2015, Cocke rear-ended a Prius that was stopped at a red light.  The driver of

the Prius pulled over to the side of the road.  Cocke approached the Prius and asked the driver if

she was all right.  Cocke also asked the driver not to call the police and offered to pay for the

damage.  The driver informed him that she planned to call the police, and Cocke returned to his

car. Cocke sat in his car for a minute and then drove away. Cocke did not provide his name, address, driver's license number, or vehicle registration number to the driver of the Prius.

An insurance adjuster initially appraised the damage to the Prius at $792. This appraisal was made based on an inspection of the exterior of the car. An appraiser for a local auto body shop did a more thorough assessment of the damages when the Prius was brought in for repairs. The body shop appraiser determined an additional $692.15 of damage had been done. The expert testimony of both the insurance adjuster and the appraiser was admitted without objection. The final bill totaled $1,484.88.

The total amount of the bill covered both parts and labor. Cocke argues that the trial court should only consider the cost of parts in determining whether the damage exceeded the statutory amount of $1,000. The damage to the Prius, considering only the cost of parts, was $689.12. The trial court rejected this method of measuring damages because it did not include the cost of labor. Cocke renewed the argument in his motion to strike, but the court denied the motion. The trial court convicted Cocke and sentenced him to two years suspended with thirty days to serve. Cocke timely appealed to this Court.

ANALYSIS

When reviewing the sufficiency of the evidence, "[t]he judgment of the trial court is presumed to be correct and will be reversed only upon a showing that it is 'plainly wrong or without evidence to support it.'" Ervin v. Commonwealth, 57 Va. App. 495, 503, 704 S.E.2d 135, 139 (2011) (alteration in original) (quoting Viney v. Commonwealth, 269 Va. 296, 299, 609 S.E.2d 26, 28 (2005)). We do not determine whether we would have convicted the defendant, but whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Crowder v. Commonwealth, 41 Va. App. 658, 663, 588 S.E.2d 384, 387 (2003) (quoting Kelly v. Commonwealth, 41 Va. App. 250, 257, 584 S.E.2d 444, 447

(2003) (*en banc*)). To the extent that we interpret the statute, "[t]he construction of a statute is a question of law that we review de novo upon appeal." Belew v. Commonwealth, 62 Va. App. 55, 62, 741 S.E.2d 800, 803 (2013) (alteration in original) (quoting Robinson v. Commonwealth, 274 Va. 45, 51, 645 S.E.2d 470, 473 (2007)).

In relevant part, Code § 46.2-894[1] provides,

> Any person convicted of a violation of this section is guilty of (i) a Class 5 felony if the accident results in injury to or the death of any person, or if the accident results in more than $1000 of damage to property or (ii) a Class 1 misdemeanor if the accident results in damage of $1000 or less to property.

Code § 46.2-894 does not provide a method for measuring the damage to a vehicle. Cocke argues that the 2005 amendment to Code § 46.2-894, which made it clear that the $1,000 threshold applied to the amount of damage caused and not the value of property damaged, demonstrates legislative intent "to keep minor 'fender bender' type offenses in a separate category (resulting in a misdemeanor, rather than a felony)." Based on this proffered legislative intent, Cocke contends that proof of damage should be limited to objective damage, such as the costs of parts, and exclude subjective damage, such as labor. Alternatively, he argues that the

---

[1] Code § 46.2-894 also provides:

> The driver of any vehicle involved in an accident in which a person is killed or injured or in which an attended vehicle . . . is damaged shall immediately stop as close to the scene of the accident as possible without obstructing traffic . . . and report his name, address, driver's license number, and vehicle registration number forthwith to the State Police or local law-enforcement agency, to the person struck and injured if such person appears to be capable of understanding and retaining the information, or to the driver or some other occupant of the vehicle collided with or to the custodian of other damaged property.

Cocke does not challenge the sufficiency of the evidence as to these elements of the offense.

amount of damage should be limited to the owner's "out of pocket cost," which, in this case, was the driver's insurance deductible.

While we have never had occasion to opine on the precise issue raised by Cocke, the Supreme Court has previously addressed the rule for measuring damage to motor vehicles in a civil context. Averett v. Shircliff, 218 Va. 202, 237 S.E.2d 92 (1977). In Averett, the plaintiff argued that he should be able to "'elect' as his measure of damages the difference in the value of the automobile before and after the accident." Id. at 203-04, 237 S.E.2d at 93. The Supreme Court disagreed and adopted the rule set out in the jury instructions as the "rule in Virginia for determining the proper measure of damages to motor vehicles." Id. at 208, 237 S.E.2d at 96. The jury instructions provided:

> The Court instructs the jury that in the valuation of personal property, which has been damaged but not destroyed, the measure of damages is the difference between the market value of the property immediately before and immediately after the property was damaged.
>
> The Court further instructs the jury that an exception to this rule is that where personal property can be restored by repairs and the repairs would be less than the diminution in value because of the injury, the amount recoverable is the reasonable cost of restoring the property to its former condition.

Id. at 207, 237 S.E.2d at 95-96 (internal quotation marks omitted).

Cocke, however, argues that the method of assessing damage to a motor vehicle set out in Averett should not apply here because the Court in Averett dealt with a civil suit rather than criminal prosecution. We see that to be a distinction without a difference. The General Assembly has included a similar method of valuing damage to personal property in a criminal statute. Code § 18.2-137 makes it a crime to destroy, deface, or damage any property, real or personal. Similar to the statute here, Code § 18.2-137 distinguishes between a felony and misdemeanor depending on the amount of damage caused. Code § 18.2-137 states, "The amount

of loss caused by the destruction, defacing, damage or removal of such property . . . may be *established by proof of the fair market cost of repair or fair market replacement value*." (Emphasis added). Thus, we see no principled reason why the formula adopted by the Supreme Court in Averett should not apply in the case of a criminal prosecution where, as here, the amount of damage to a motor vehicle is an element of the offense.[2]

Here, the Commonwealth provided sufficient, and unrebutted, evidence that supported the trial court's determination that the damage to the Prius exceeded the statutory requirement of $1,000. The Commonwealth presented testimony from two experts, qualified without objection, who had inspected the car and provided estimates for the cost of repair. The expert testimony established that the total cost of repairs exceeded $1,000. Commonwealth's exhibit number 2 is the written estimate showing that the total cost of repairs, including parts and labor, was $1,484.88.[3] Moreover, the Commonwealth presented a receipt demonstrating that the owner of

---

[2] Our interpretation is further supported by the fact that the 2005 amendment to Code § 46.2-894 came after the Supreme Court's decision in Averett. "When the General Assembly acts in an area in which one of its appellate courts already has spoken, it is presumed to know the law as the court has stated it and to acquiesce therein, and if the legislature intends to countermand such appellate decision it must do so explicitly." Weathers v. Commonwealth, 262 Va. 803, 805, 553 S.E.2d 729, 730 (2001). The Supreme Court had adopted this rule as the proper measure of damages to a vehicle. "The legislature is presumed to be aware of this usage." Barson v. Commonwealth, 284 Va. 67, 74, 726 S.E.2d 292, 296 (2012). There is nothing in Code § 46.2-894 that demonstrates an explicit intent to countermand the Supreme Court's method of calculating damages to an automobile. In fact, the General Assembly has specifically adopted this method of valuing damage to personal property in other statutes. See Code § 18.2-137. Therefore, "[i]ts acquiescence is deemed to be approval." Id.

[3] Cocke argues that repair shop labor costs vary and the determination of whether an offense was a felony or misdemeanor could turn on which shop a victim chooses to repair the damage. Allowing that type of disparate repair costs, he concludes, is contrary to the intent of the General Assembly. We disagree. The rule set out by the Supreme Court looks only to *reasonable* costs of repairs. Defendants may challenge the evidence presented by the Commonwealth at trial or, if they choose, present their own evidence regarding damage. The fact that labor costs may vary from jurisdiction to jurisdiction is no more dispositive than the reality that it costs more to repair a Ferrari than it does a Ford. Furthermore, the fact that the owner of the car did not pay more than $1,000 is irrelevant. The statute speaks to the amount of

- 5 -

the car paid $1,000 out-of-pocket.  Insurance covered the rest of the cost of the repairs.  Based on all the evidence presented, the trial court did not err in finding that the "accident result[ed] in more than $1,000 of damage to property."

CONCLUSION

Where a motor vehicle is capable of being repaired, we conclude that the total reasonable cost of returning that vehicle to its pre-crash condition constitutes the amount of damage in a prosecution for violation of Code § 46.2-894.  Here, the evidence presented by the Commonwealth was such that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  See Crowder, 41 Va. App. at 663, 588 S.E.2d at 387 (quoting Kelly, 41 Va. App. at 257, 584 S.E.2d at 447).  The Commonwealth presented sufficient evidence to demonstrate that the reasonable cost of repairs exceeded the $1,000 statutory threshold.  Accordingly, the trial court did not err, and we affirm the decision of the trial court.

Affirmed.

---

damage caused by the defendant, not the loss suffered by the owner.  At the end of the day, the Commonwealth is simply required to prove that the total reasonable cost of repair, or the reasonable value of the vehicle if unrepairable, exceeds $1,000.