## Staunton.

## POSEY AND ANOTHER v. COMMONWEALTH.

### September 19, 1918.

1. TAXATION—*Inheritance Tax—Power of State.*—The power of the State to impose inheritance taxes is unlimited.

2. STATUTES—*Construction—Intent of Legislature—Statutes Construed as a Whole.*—It is one of the fundamental rules of construction of statutes that the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together, giving to every word and every part of the statute, if possible, its due effect and meaning, and to the words used their ordinary and popular meaning, unless it plainly appears that they were used in some other sense. If the intention of the legislature can be thus discovered, it is not permissible to add to or subtract from the words used in the statute.

3. TAXATION—*Inheritance Tax—Rates.*—By the act taxing inheritance (Acts 1916, chapter 484, page 812), it is manifest that the legislature intended to divide the persons who were to pay the taxes into two classes, and to fix the taxes they were to pay at two separate rates. One class was to pay no tax at all unless the estate exceeded fifteen thousand dollars, and the other was to pay on the whole estate, large or small. One was to pay at the rate of one *per centum*, the other at five *per centum*. After designating these two separate rates, the statute then declares, "The foregoing rates are for convenience termed primary rates,' and the sliding scale of rates fixed by the statute is applicable to both classes.

4. TAXATION—*Inheritance Tax—Rates—Case at Bar.*—In the case at bar, plaintiffs in error were nieces and sole heirs of the decedent, from whom they inherited real estate in this State of the appraised value of $378,050. This inheritance was assessed with collateral inheritance taxes to the State to the amount of $41,707.50, which amount was arrived at by assessing the first $50,000 at the rate of five *per cent.*, the next $200,000 at the rate of ten *per cent.*, and the remaining $128,050 at fifteen *per cent.* This assessment was made under Acts 1916, chapter 484, page 812. The plaintiffs in error claimed that, under the act aforesaid, the assessment should have been at the flat rate of five *per cent.* on the whole $378,050.

*Held:* That there was no error in the assessment.

5. STATUTES—*Construction—Rules of Construction not Resorted to where Meaning is Clear.*—Where the meaning of the words used in an act of Assembly is clear, the courts have no power but to declare it, and leave the question of policy to the legislature where it properly belongs.

Error to a judgment of the Corporation Court of City of Roanoke, on a motion to correct an erroneous assessment. Judgment for Commonwealth. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*Hart & Hart,* for the plaintiffs in error.

*Jno. R. Saunders,* Attorney-General, *J. D. Hank, Jr.,* Assistant Attorney-General, and *J. Vaughan Gary,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The plaintiffs in error are the nieces, and, as such, sole heirs of A. M. Fuller, from whom they inherited real estate in this State of the appraised value of $378,050. This inheritance was assessed with collateral inheritance taxes to the State to the amount of $41,707.50, which amount was arrived at by assessing the first $50,000 at the rate of five *per cent.,* the next $200,000 at the rate of ten *per cent.,* and the remaining $128,050 at fifteen *per cent.* This assessment was made under Acts 1916, chapter 484, page 812. The plaintiffs in error claimed that, under the act aforesaid, the assessment should have been at the flat rate of five *per cent.* on the whole $378,050, and made a motion before the Corporation Court of the city of Roanoke to correct the assessment so as to make it conform to their interpretation of the statute, but the corporation court refused to change the

assessment, and to its judgment of refusal this writ of error was awarded.

It is well settled that the power of the State to impose such taxes is unlimited. *Eyre* v. *Jacobs*, 14 Gratt. (55 Va.) 422, 73 Am. Dec. 367. Otis & Gleason on Inheritance Taxation, page 3. This is not questioned, but it is insisted that the corporation court erred in its construction of the language of the statute under which the tax is imposed.

It is one of the fundamental rules of construction of statutes that the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together, giving to every word and every part of the statute, if possible, its due effect and meaning, and to the words used their ordinary and popular meaning, unless it plainly appears that they were used in some other sense. If the intention of the legislature can be thus discovered, it is not permissible to add to or subtract from the words used in the statute. *Tyson* v. *Scott*, 116 Va. 243, 81 S. E. 57; *Funkhouser* v. *Spahr*, 102 Va. 306, 46 S. E. 378; *Sherwood* v. *Atlantic & D. R. Co.*, 94 Va. 291, 301, 26 S. E. 943; *Hoover* v. *Saunders*, 104 Va. 783, 52 S. E. 657; *Fox* v. *Commonwealth*, 16 Gratt. (57 Va.) 1; *Postal Tel. Co.* v. *Norfolk & W. R. Co.*, 88 Va. 920, 925, 14 S. E. 803.

The statute under consideration, so far as the same need be quoted, is as follows:

"* * * Where any estate in the Commonwealth of any decedent shall pass under a will or under the laws regulating descents and distributions, to any person, or to or for the use of any person, the estate so passing shall be subject to a tax at the rate of five per centum on every hundred dollars' value thereof; provided, that estates passing to or for the use of the grandfather, grandmother, father, mother, husband, wife, brother, sister or lineal descendant of such decedent shall be subject to a tax or one per centum on every hundred dollars' value thereof in excess of fifteen thousand

dollars. The foregoing rates are for convenience termed the primary rates. When the amount of the market value of such property or interest exceeds fifteen thousand dollars, the rate of tax upon such excess shall be as follows:

"(1) Upon all in excess of fifteen thousand dollars up to fifty thousand dollars, at the primary rates.

"(2) Upon all in excess of fifty thousand dollars and up to two hundred and fifty thousand dollars, two times the primary rates.

"(3) Upon all in excess of two hundred and fifty thousand dollars and up to one million dollars, three times the primary rates.

"(4) Upon all in excess of one million dollars, four times the primary rates."

The first part of the section fixes two rates of taxation. One of five per centum on the hundred dollars which is applicable "to any person," natural or artificial, and which may be termed the general rate. This rate is applicable to all persons, natural or artificial, who are not placed in some other class. The other rate is "one per centum on every hundred dollars' value thereof in excess of fifteen thousand dollars," which is applicable to the persons enumerated in the section, and is usually spoken of as the direct inheritance tax. It is manifest that the legislature intended to divide the persons who were to pay the taxes into two classes, and to fix the taxes they were to pay at two separate rates. One class was to pay no tax at all unless the estate exceeded fifteen thousand dollars, and the other was to pay on the whole estate, large or small. One was to pay at the rate of one *per centum*, the other at five *per centum*. After designating these two separate rates, the statute then declares, "The foregoing rates are for convenience termed primary rates." It will be observed that the statute uses the plural number "rates," not "rate," and this runs through all the subsequent paragraphs of the section. The use of the word

"rates" therefore, in the paragraph (1) of the section, could not have been an "inadvertence of the draftsman," as contended by counsel for the plaintiffs in error. The plaintiffs in error plainly belong to the class which is required to pay on the whole amount of the inheritance, and the primary rate of tax on that class is fixed by the statute at five *per centum* of the value of such inheritance. It seems equally plain that the sliding scale of rates fixed by the statute is as applicable to this class as to the other class in which the primary rate is only one *per cent.* on the amount in excess of fifteen thousand dollars. The fact that collateral inheritances had been taxed for many years prior to 1916 at a flat rate of five *per cent.* and that no tax had been imposed on direct inheritances is no evidence that the sole purpose of the act of 1916 was to impose a tax on direct inheritance, and that the sliding scale of rates was only applicable to such inheritance. It is reasonable to suppose that when the legislature for the first time imposed a tax on direct inheritance, it would also increase the rate on collateral inheritance, and this supposition is well warranted by the language of the act under consideration.

It is said that the tax imposed, under this construction of the statute, "is burdensome, grievous and so excessive as to be contrary to the policy of taxation as followed in this State." This argument might be of force if the language of the act were of doubtful meaning, but we have had no difficulty in arriving at a proper construction of the act, and where the meaning of the words used in an act of assembly is clear, the courts have no power but to declare it, and leave the question of policy to the legislature where it properly belongs.

There is no error in the judgment of the corporation court, and it is, therefore, affirmed.

*Affirmed.*