COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Senior Judge Hodges
Argued at Richmond, Virginia


JENNIFER MIEDERHOFF

                                              OPINION BY
v.    Record No. 2372-01-2          JUDGE JERE M. H. WILLIS, JR.
                                             MAY 28, 2002
PATRICK MIEDERHOFF


              FROM THE CIRCUIT COURT OF HENRICO COUNTY
                      George F. Tidey, Judge

          Janet E. Brown (Janet E. Brown, P.C., on
          brief), for appellant.

          Matthew N. Ott (Matthew N. Ott, P.C., on
          brief), for appellee.


     Jennifer Miederhoff contends on appeal that the trial court

erred (1) in offsetting Patrick Miederhoff's non-conforming

payments against his child support arrearages by holding

enforceable an agreement under which he paid their son's college

tuition and other expenses in lieu of delinquent child support;

and (2) in limiting the accrual of interest on the child support

arrearages.  For the following reasons, we affirm in part and

reverse and remand in part.

                       I.  BACKGROUND

     The Miederhoffs' May 14, 1990 final divorce decree included

a provision that Mr. Miederhoff "owes a duty of support to the

minor child [Eric,] born of this marriage [on April 19, 1978,]

in the amount of $75.00 per week, beginning on August 7, 1989,

and continuing each week until said child reaches the age of eighteen."

In January 1992, Mr. Miederhoff accused Ms. Miederhoff of cohabiting with another man without the benefit of marriage.  He threatened to file a court action seeking custody of Eric.  The parties entered into negotiations.  Ms. Miederhoff offered to forgo receiving child support if Mr. Miederhoff agreed not to seek Eric's custody.  He agreed and proposed a consent order, providing, inter alia, that "[Mr. Miederhoff] shall not be obligated to pay [Ms. Miederhoff] child support for the afore-mentioned child" and that "[n]o child support arrearage exists."

Mr. Miederhoff endorsed the consent order and sent it to Ms. Miederhoff for her endorsement.  At that time, he ceased making child support payments.  Ms. Miederhoff neither endorsed the consent order nor filed it with the court.  In January 1996, Mr. Miederhoff learned that the consent order had not been endorsed by Ms. Miederhoff and filed with the court.  He employed an attorney, who contacted Ms. Miederhoff regarding the formalization of the agreement.  By letter dated March 5, 1996, Ms. Miederhoff informed Mr. Miederhoff's attorney that if the consent order was modified to provide that Mr. Miederhoff would be "largely responsible for the financial support of Eric's college education, [she] would reconsider [her] decision."

-

On April 19, 1996, Eric reached the age of majority, and Mr. Miederhoff's ongoing support obligation ceased. However, commencing in July 1996, Mr. Miederhoff began paying for Eric's college education, pursuant to the terms of Ms. Miederhoff's March 5, 1996 letter and the parties' prior agreement. Between the summer of 1996 and the spring of 2000, Mr. Miederhoff paid $11,611 in educational expenses for Eric.

On May 5, 2000, Ms. Miederhoff obtained a show cause order against Mr. Miederhoff, alleging that he owed her $16,650 in child support due to non-payment between January 6, 1992 and April 19, 1996. The juvenile and domestic relations district court credited Mr. Miederhoff $11,611 against the arrearage and found him to be $5,039 in arrears. It ordered that interest would accrue on the arrearage as of January 1, 2001. Ms. Miederhoff appealed to the trial court.

On retrial de novo, the trial court held (1) that Mr. Miederhoff had a child support arrearage of $16,800; (2) that he was entitled to an offset of $11,611 for payments made toward Eric's college education pursuant to the parties' agreement; (3) that Ms. Miederhoff should be allowed three years of interest in the amount of $467; and (4) that additional interest would accrue from June 1, 2000.

## II.  ANALYSIS

On appeal, Ms. Miederhoff contends that the trial court erred in offsetting Mr. Miederhoff's payments for Eric's college

-

expenses against his child support arrearages by holding enforceable the parties' agreement that he would pay those expenses in lieu of paying the child support arrearage. She further contends that the trial court abused its discretion in limiting the accrual of interest.

## A.  AGREEMENT EXISTED JUSTIFYING OFFSET

Court-ordered child support payments become vested as they accrue. The court lacks authority to order changes as to past due installments. Commonwealth v. Skeens, 18 Va. App. 154, 158, 442 S.E.2d 432, 434 (1994). Generally, the law does not permit extra-judicial agreement to vary the terms of a support order or permit a payor spouse credit for non-conforming support payments. See Acree v. Acree, 2 Va. App. 151, 342 S.E.2d 68 (1986). The purpose of this rule is to promote respect for and consistency in the enforcement of orders and to avoid confusion. Id. at 156-57, 342 S.E.2d at 71. The general rule is not without exception, however.

> [A]lthough a court may not retroactively modify a child support obligation, allowing a payor spouse credit for non-conforming support payments, in the limited situations where permitted, is not a modification of a support order. See Acree v. Acree, 2 Va. App. 151, 152, 342 S.E.2d 68, 69 (1986). A court may, when equitable and under limited circumstances, allow a party credit for non-conforming support payments, provided that the non-conforming support payment substantially satisfies the purpose and function of the support award, see [id.], and to do so does not vary the support award.

-

Gallagher v. Gallagher, 35 Va. App. 470, 476, 546 S.E.2d 222, 225 (2001).

Before credit will be given for agreed non-conforming payments, two conditions must exist. First, there must be an agreement between the parties which modifies only the terms or method of payment. Second, there must be no adverse effect on the support award. Id. "An agreement which itself establishes or modifies the support obligation, rather than only the terms or method of payment, does not meet this test." Id. We approved one narrow exception to this rule in Acree.

Acree involved a bilateral modification agreement that provided for a permanent change of custody of the subject child. It was agreed that the child, who had theretofore resided with her mother, would thenceforth reside with her father. The father was relieved of further support payments to the mother on behalf of that child. We held that where a

> custodial parent has by his or her own
> volition entered into an agreement to
> relinquish custody on a permanent basis and
> has further agreed to the elimination of
> support payments and such agreement has been
> fully performed, . . . the purpose to be
> served by application of an inflexible rule
> denying credit for non-conforming payments
> is outweighed by the equities
> involved. . . . By assuming [complete]
> physical custody and total responsibility
> for the support of the child, the [father]
> fulfilled his obligation under the decree.

Acree, 2 Va. App. at 157-58, 342 S.E.2d at 71-72.

-

"Our holding in Acree was premised in part on the fact that when a complete change in custody occurs, the parent originally obligated to pay support for that child 'has . . . furnished support in a different manner under different circumstances easily susceptible of proof.'" Gallagher, 35 Va. App. at 477, 546 S.E.2d at 225 (quoting Acree, 2 Va. App. at 157, 342 S.E.2d at 71). "In short, . . . absent a complete change in custody, 'the appropriate remedy' in a case in which the parties have agreed to a modification of support 'is for the part[ies] [timely] to petition the court to modify the decree.'" Id. at 478, 546 S.E.2d at 226 (quoting Commonwealth v. Skeens, 18 Va. App. 154, 158, 442 S.E.2d 432, 435 (1994)).

This case falls within the rule announced in Acree and reaffirmed in Gallagher.

First, the trial court found that the parties had an agreement. This factual finding, if supported by the evidence, will not be disturbed on appeal. See Ivy Construction Company v. Booth, 226 Va. 299, 301, 309 S.E.2d 300, 301 (1983); Dickerson v. Conklin, 218 Va. 59, 65, 235 S.E.2d 450, 454 (1977); Brooks v. Roanoke County Sanitation Authority, 201 Va. 934, 938, 114 S.E.2d 758, 761-72 (1960). In considering this question, we view the evidence in the light most favorable to Mr. Miederhoff, who prevailed on that issue in the trial court. See Cloutier v. Queen, 35 Va. App. 413, 417, 545 S.E.2d 574, 576 (2001).

-

So viewed, the evidence disclosed that when Mr. Miederhoff first threatened to seek Eric's custody, Ms. Miederhoff offered to forgo receiving further child support if Mr. Miederhoff would not pursue a custody change. Although Ms. Miederhoff did not endorse Mr. Miederhoff's proposed consent order, she acquiesced in his forbearance from seeking a change of custody and in his cessation of child support payments. When the question of formalizing the agreement arose again in 1996, Ms. Miederhoff amended her offer to say that she would reconsider her "decision" if Mr. Miederhoff would pay Eric's college expenses. Understanding this to mean that if he paid the college expenses, Ms. Miederhoff would forgo any child support claim and endorse the consent order, Mr. Miederhoff proceeded to pay those expenses, again with Ms. Miederhoff's acquiescence. Not until Eric had arrived at an age where his custody was no longer an issue and Mr. Miederhoff had completed paying the college expenses did Ms. Miederhoff first raise the question of whether she had, in fact, agreed to Mr. Miederhoff's understanding. These circumstances support the trial court's determination that the parties had an agreement whereby Ms. Miederhoff would forgo a claim for child support in exchange for Mr. Miederhoff's abstention from seeking a custody change and his payment of Eric's college expenses. The trial court's finding, being thus supported by the evidence, will not be disturbed on appeal.

-

Second, when Eric reached the age of majority on April 19, 1996, his eligibility for child support ceased. On that date he was no longer subject to the custody of his mother or entitled to ongoing support from his father. His reaching the age of majority was tantamount to a complete change of custody. The arrearages owed by Mr. Miederhoff became an indebtedness to Ms. Miederhoff.

Third, the agreement between the Miederhoffs did not alter the child support provision of the divorce decree. The accrued delinquency in child support payments was recognized and enforced in full by the trial court. Mr. Miederhoff was held fully responsible for the arrearages that had accrued between January 6, 1992 and April 19, 1996.

Fourth, the agreement between the parties, which was fully performed by Mr. Miederhoff, merely altered the method of payment. Had Mr. Miederhoff paid $11,611 to Ms. Miederhoff, he would unquestionably have been entitled to credit. Ms. Miederhoff's agreement authorized Mr. Miederhoff to make this payment to Virginia Commonwealth University ("VCU"). This is no different than if he had paid her and she, in turn, had paid VCU.

Finally, the non-conforming payment is readily susceptible of proof. Its calculation is plain and is not disputed.

The agreement the parties made and performed was not made in the context of an ongoing custody and support obligation. To

-

the contrary, it involved a child who had reached the age of majority, was discharged from custody, and was no longer entitled to ongoing support pursuant to the support order. The agreement in no way modified or abrogated the May 1990 support order, but rather was in discharge of it. As a result of the agreement, Eric was afforded the benefit of a college education. The trial court did not err in offsetting Mr. Miederhoff's arrearage.

## B. INTEREST

"The general rule is that in the absence of factors making it inequitable, interest should be assessed on unpaid installments of [support] from the date they mature or become due until the date they are paid." Allig v. Allig, 220 Va. 80, 85, 255 S.E.2d 494, 497-98 (1979). Interest is generally awarded at the judgment rate. The trial court's award of interest based on its determination of Mr. Miederhoff's unpaid arrearage does not comport with this general rule and contains no statement of calculation permitting an assessment on appeal of whether that award represents a fair exercise of discretion. For that reason, we reverse the interest award and remand this case to the trial court for calculation of the interest awarded Ms. Miederhoff from Mr. Miederhoff and a statement on the record of that calculation.

Affirmed in part,
reversed in part
and remanded.