328

## CIRCUIT COURT OF LOUDOUN COUNTY

Jeffrey Poyo

    v.

Julie Anne Kozlow,
f/k/a Julie Anne Poyo

October 28, 2003

Case No. (Chancery) 18190

BY JUDGE JAMES H. CHAMBLIN

This cause came before the Court on September 16, 2003, to be heard upon the Petition for Modification of Child Support filed herein by the Complainant, Jeffrey Poyo. See Memorandum of Proceedings dated September 26, 2003.

For the reasons herein set forth, the Court rules as follows: .

1. Mr. Poyo's Petition is granted.

2. Mr. Poyo's child support obligation is reduced from $1,500.00 per month to $855.00 per month effective September 1, 2003, the first day of the month after he filed his Petition.

3. The child support arrearage is $6,000.00 as of September 26, 2003.

4. Mr. Poyo shall pay the child support arrearage of $6,000.00 in full on or before December 10, 2003.

5. Mr. Poyo is not entitled to any credit against his child support obligation for his non-conforming payments.

By a consent decree entered herein on August 6, 2001, Mr. Poyo was ordered to pay child support to the Defendant, Julie Anne Kozlow, in the amount of $1,500.00 per month for the parties' two remaining minor children,

Zachary K. Poyo, born March 14, 1985, and Marley K. Poyo, born January 25, 1988. The parties' other child, Chelsea K. Poyo, born May 27, 1983, is emancipated.

In August 2001, Ms. Kozlow resided in Los Angeles, California, with the two minor children. She has continued to reside in Los Angeles. Mr. Poyo continues to reside and work at a bank in the Dominican Republic.

In July 2002, Zachary got into a quarrel with Ms. Kozlow, and, as a result she asked him to leave her residence. He left the residence and moved in with his sister, Chelsea, in Los Angeles. Except for two weeks in September 2002 when Zachary moved back to Ms. Kozlow's residence, he has continued to reside with Chelsea. Ms. Kozlow has done nothing to get Zachary to return to her residence since September 2002.

When Zachary moved out of Ms. Kozlow's residence, Mr. Poyo talked to her. Ms. Kozlow agreed that child support could be reduced, but she did not agree to a specific amount of reduction.

Starting in October 2002, Mr. Poyo unilaterally reduced the child support paid to Ms. Kozlow to $1,000.00 per month for Marley, and he provided funds to Chelsea for Zachary's benefit in an amount in excess of $500.00 per month. Since July 2002, Chelsea has provided food, clothing, housing, and other necessaries for Zachary.

Since July 2002, Ms. Kozlow has provided no support for Zachary.

Zachary turned eighteen on March 14, 2003. Thereafter, neither parent owed a duty to provide child support to him.

Mr. Poyo has a current annual income of $123,200.00 per year, or $10,267.00 (rounded) per month. Ms. Kozlow has no income, but she does receive $1,600.00 per month in spousal support from Mr. Poyo. Mr. Poyo pays $48.00 per month for medical insurance for Marley.

Mr. Poyo filed his Petition on August 22, 2003. His grounds for reduction are that Zachary attained the age of majority on March 14, 2003, and that he has not resided with Ms. Kozlow since prior to that date.

Certainly Zachary's attaining the age of majority is a change of circumstances warranting a modification of Mr. Poyo's child support obligation. The presumptive amount of his new child support obligation is $855.00 per month for one child, Marley, as shown on the child support guideline worksheet. There is no reason to deviate from the presumptive amount. Mr. Poyo's child support obligation cannot be modified prior to the date he filed his Petition. Therefore, his child support obligation is modified to $855.00 per month effective September 1, 2003, the first day of the month following the date of filing of the Petition, payable until Marley attains the age of eighteen years, dies, marries, or is otherwise emancipated, unless sooner

modified by a court of competent jurisdiction; provided, however, that, if Marley has attained age eighteen and is still a full time high school student residing with Ms. Kozlow, then child support shall continue until Marley graduates from high school or reaches the age of nineteen years, whichever occurs first.

Mr. Poyo admits that he has not since October 2002 paid $500.00 of the $1,500.00 per month court ordered child support payment to Ms. Kozlow. Therefore, as of the hearing on September 26, 2003, Mr. Poyo is in arrears in the amount of $6,000.00 (12 months x $500.00).

Mr. Poyo, however, argues that under the rationale set forth in *Miederhoff v. Miederhoff*, 38 Va. App. 366 (2002), he is entitled to a credit for his non-conforming payments of at least $500.00 per month made since October 2002; and, therefore, he is not in arrears. His reliance on *Miederhoff* is misplaced.

One of the most rigid rules in Virginia law is the rule that court-ordered child support payments become vested as they accrue. As a result, this Court lacks authority to order changes as to past due installments. *See, e.g., Commonwealth v. Skeens*, 18 Va. App. 154, 158 (1994). Under Va. Code § 20-112, child support payments may only be modified for the period after a petition for modification has been filed. Therefore, this Court has no authority to modify any child support payment that vested before August 22, 2003, when Mr. Poyo filed his Petition.

Virginia law does not allow parents to make an extra-judicial agreement varying the terms of a support order or permitting a payor parent credit for non-conforming support payments. *See, Acree v. Acree*, 2 Va. App. 151 (1986). Non-conforming child support payments are payments made by the payor parent for the benefit of the child(ren) to someone other than the payee parent. However, exceptions have been allowed in certain narrow, limited situations.

When equitable, and under limited circumstances, a payor parent may be given credit for non-conforming support payments if the non-confirming payment "substantially satisfies the purpose and function of the support award, *see, [Acree]*, and to do so does not vary the support award." *Gallagher v. Gallagher*, 35 Va. App. 470, 476 (2001).

*Acree* and subsequent cases, such as *Gallagher* and *Miederhoff*, make it clear that any credit for non-conforming support payments must be based upon an agreement between the parents which modifies only the terms or method of payment with no adverse effect on the support award.

Mr. Poyo does not argue that he is entitled to a credit for a unilateral decision to pay part of the child support payment to a person other than Ms. Kozlow. He does not argue that he and Ms. Kozlow reached an agreement

that, starting in October 2002, he could pay $500.00 of the $1,500.00 per month support payment to Chelsea. Instead, he argues that, although they did not have a "clear cut" agreement, Ms. Kozlow acquiesced in his paying the $500.00 per month to Chelsea. He relies on an agreement by acquiescence.

Mr. Poyo testified that, after Zachary moved out of Ms. Kozlow's residence, he talked with her, and she agreed to a reduction of $200.00 or $300.00 per month. However, he did not agree to that small of a reduction. He testified that Ms. Kozlow agreed to a reduction, but she did not agree as to the amount of the reduction. Thereafter, Mr. Poyo unilaterally decided to reduce the payment to $1,000.00 per month.

Mr. Poyo's evidence as to any agreed reduction is immaterial because any agreement permitting a credit must modify only the terms or method of payment, not the amount of the payment. His evidence related to a possible agreement as to the amount of the payment. He offered no evidence that Ms. Kozlow agreed to his paying part of the child support payments to Chelsea. His only argument can be that acquiescence by the payee parent in non-conforming payments amounts to the bilateral modification agreement required by *Acree* and its progeny. His argument is not persuasive.

All the cases allowing a credit for non-conforming payments involved express agreements. For example, in *Acree*, the parents agreed to a permanent change of custody. In *Miederhoff*, the payee parent agreed to forego a child support claim in exchange for the payor parent's abstention from seeking a custody change and his payment of the child's college expenses.

The purpose of the general rule is to promote respect for and consistency in the enforcement of court orders and to avoid confusion. *Acree*, 2 Va. App. at 156. Mere acquiescence in the violation of a support order should not be a sufficient ground for permitting non-conforming payments.

Here, Mr. Poyo's obligation to pay child support did not end when Zachary turned eighteen. He continued to owe child support under the August 2001 order because Marley is still a minor living with Ms. Kozlow. This is not the one child situation in *Acree* or *Miederhoff*. Further, it is not clear that all the non-conforming payments benefited Zachary. Some of the non-conforming payments to Chelsea helped pay rent for which she was obligated. Other non-conforming payments were in the form of credits to a debit card, which only Chelsea could use. Ms. Kozlow may not as yet have done anything to get Zachary back to her residence, but she, not Chelsea, has custody of Zachary.

Mr. Poyo has not presented sufficient evidence so as to permit his non-conforming payments to Chelsea to be credited to his child support obligation.