COURT OF APPEALS OF VIRGINIA


Present:    Judges Benton, Haley and Senior Judge Bumgardner
Argued at Alexandria, Virginia


ARTHUR J. SCAGNELLI
                                                    MEMORANDUM OPINION* BY
v.        Record No. 1732-05-4                    JUDGE JAMES W. HALEY, JR.
                                                         MAY 9, 2006
NANCY HART


                FROM THE CIRCUIT COURT OF PRINCE WILLIAM COUNTY
                                Paul F. Sheridan, Judge

            Polly B. Knight (Knight & Stough, LLP, on brief), for appellant.

            No brief or argument for appellee.


                                          I.

        The issue here for resolution is whether the establishment of a child support arrearage in

a final decree of divorce constitutes a judgment to which post-judgment interest is to be applied.

                                          II.

                                        FACTS

        This issue arose when Arthur J. Scagnelli (appellant) filed a motion on October 15, 2004

alleging, *inter alia*, that as a result of a payroll deduction order, he overpaid his child support

obligation.  Succinctly stated, he maintains the overpayment resulted from the application of

interest to a child support arrearage established by the September 1, 1989 final divorce decree.

        That decree found that "9.  Arrearage(s) in the amount of $7200 for child support . . . [is]

owed . . . as of August 31, 1989."  At the time of the decree's entry, appellee, the recipient of the

child support arrearage, made no request that interest be charged, as ostensibly required by

    * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

then-existing Code § 20-78.2.  The final decree did not specifically grant a judgment as to the arrearage.

Chapter 483 of the 1995 Acts of Assembly amended Code § 20-78.2, effective July 1, 1995.  That amendment is demonstrated as follows, by using italics to show insertions and dashes to deletions:

> The entry of an order or decree of support for a spouse or for support and maintenance of a child under the provisions of this chapter or §§ 20-107.1 through 20-109 shall constitute a final judgment for any sum or sums in arrears.  This order shall also include an amount for interest on the arrearage at the judgment interest rate ~~if the person to whom such arrearage is payable requests that interest be charged.  However, the burden shall be on the person to whom such arrearage is payable, upon instruction of the court, to compute all interest due at the judgment interest rate~~ as established by § 6.1-330.54 ~~and furnish this information to the court~~ *unless the obligee, in a writing submitted to the court, waives the collection of interest.*

Appellant maintains the application of interest to the arrearage subsequent to its establishment was and is improper, since former Code § 20-78.2 required appellee to request and calculate interest at the time the decree was entered and because no judgment for arrearage was specifically granted by the decree.

After hearing argument, the trial court entered an order on June 24, 2005, finding, as here relevant, as follows:

> IT APPEARING TO THE COURT, on the evidence presented and argument of counsel, the final decree entered in 1989 ordered support but contained no request for interest to be charged on unpaid support; and further
>
> IT APPEARING TO THE COURT, although the final decree is silent as to interest, the decree for support became a judgment by operation of law as to each due and unpaid amount of child support, and is governed by the concept that interest runs on judgments; . . .
>
> ADJUDGED, ORDERED, AND DECREED interest accrues on all past due payments of support ordered by the Final Decree of Divorce, even though interest was not requested by Complainant as Defendant has argued was required to be done by

1950 Code of Virginia, as amended, § 20-78.2, because each support amount required by the decree became a judgment as to each unpaid amount of support due and is governed by the concept that judgments accrue interest by operation of law . . . .

This appeal followed.

III.

ANALYSIS

Several principles of statutory construction are here relevant. In Beck v. Shelton, 267 Va. 482, 593 S.E.2d 195 (2004), the Court held that in construing statutory language that

is plain and unambiguous, we are bound by the plain meaning of that statutory language. Thus, when the General Assembly has used words that have a plain meaning, courts cannot give those words a construction that amounts to holding that the General Assembly meant something other than that which is actually expressed.

Id. at 488, 593 S.E.2d at 198 (quoting Lee County v. Town of St. Charles, 264 Va. 344, 348, 568 S.E.2d 680, 682 (2002)). Also, in Posey v. Commonwealth, 123 Va. 551, 96 S.E. 771 (1918), the Court held:

It is one of the fundamental rules of construction of statutes that the intention of the legislature is to be gathered from a view of the whole and every part of the statute taken and compared together, giving to every word and every part of the statute, if possible, its due effect and meaning, and to the words used their ordinary and popular meaning, unless it plainly appears that they were used in some other sense. If the intention of the legislature can be thus discovered, it is not permissible to add to or subtract from the words used in the statute.

Id. at 553, 96 S.E. at 771.

With respect to the words used in a statute,

[t]he rules of statutory interpretation argue against reading any legislative enactment in a manner that will make a portion of it useless, repetitious, or absurd. On the contrary, it is well

- 3 -

established that every act of the legislature should be read so as to give reasonable effect to every word.

Jones v. Conwell, 227 Va. 176, 181, 314 S.E.2d 61, 64 (1984). Finally,

"We must . . . assume that the legislature chose, with care, the words it used when it enacted the relevant statute, and we are bound by those words as we interpret the statute." In sum, "[c]ourts are not permitted to rewrite statutes. This is a legislative function. The manifest intention of the legislature, clearly disclosed by its language, must be applied. There can be no departure from the words used where the intention is clear."

Supinger v. Stakes, 255 Va. 198, 206, 495 S.E.2d 813, 817 (1998) (quoting Barr v. Town & Country Properties, Inc., 240 Va. 292, 295, 396 S.E.2d 672, 674 (1990)) (additional citation omitted).

Consistent with these principles, we hold that Code § 20-78.2, as it existed on September 1, 1989, 1) mandated post-judgment interest at the judgment rate on an arrearage in support established by a final decree of divorce and 2) contemplated a pre-judgment award of interest on an arrearage at the existing and past judgment rates, if the same was requested by the person to whom the arrearage was owed.

Code § 20-78.2 provides that "[t]he entry of an order or decree of support for a spouse or for support and maintenance of a child under the provisions of this chapter . . . shall constitute a final judgment for any sum or sums in arrears." As a concomitant to this statute, Code § 20-60.3(12) requires all spousal and child support orders to contain a "[n]otice that in determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law." See also Code §§ 16.1-278.15(C); 20-107.1(H)(6); 63.2-1916(11) (each explaining that support obligations are judgments as a matter of law). Another statute assesses interest on judgments: "If a judgment or decree be rendered which does not provide for interest, the judgment or decree . . . shall bear interest at the judgment rate of interest as provided for in [Code] § 6.1-330.54 from its date of entry . . . ." Code § 8.01-382.

While it is correct that appellee in the instant case was not entitled to pre-judgment interest in the established arrearage because she failed to request the same as required by then Code § 20-78.2, that failure does not extend to post-judgment interest on the arrearage established as a judgment by Code § 20-78.2.[1] This distinction between pre-judgment and post-judgment interest is accentuated by the requirement that, if one seeks pre-judgment interest, the payee is "to compute all interest due at the judgment rate." This requirement recognizes that an arrearage is composed of defaulted payments accumulating over a period of time, and the judgment rate may have differed at the time of individual defaults. Then-existing Code § 20-78.2 required the payee to make these calculations, upon a request to do so by the trial court.

Accordingly, the award of post-judgment interest at the judgment rate on the arrearage established by the final divorce decree is affirmed.

Affirmed.

---

[1] Unlike the instant case, in Chattin v. Chattin, 245 Va. 302, 427 S.E.2d 347 (1993), wife requested pre-judgment interest on a spousal support arrearage, pursuant to then Code § 20-78.2. Because wife met that condition precedent to an award of pre-judgment interest on the arrearage, the Virginia Supreme Court reversed the trial court for failure to award the same. In so doing, the Court further held that, in the absence of a request by the court to compute the interest due at the judgment rate, wife's failure to do so did not preclude its award. 245 Va. at 308-09, 427 S.E.2d at 351.

Benton, J., concurring.

When the husband filed his motion in 2005 to determine arrears or overpayment, the wife responded that judgment interest accrued on both the unpaid arrearages fixed by the 1989 decree and any unpaid monthly support obligations ordered by the 1989 decree. The trial judge ruled in favor of the wife. The husband's appeal is premised upon a misunderstanding of Code § 20-78.2. He argues that the wife is entitled to no interest on the judgment because she did not request interest when the decree was entered. In his analysis, the husband conflates the arrearage fixed by the 1989 decree and the on-going monthly support payments ordered by the decree. For the reasons that follow, I concur in the majority opinion but separately write to explain that the judgment interest applied to both the arrearage and the unpaid monthly support obligation aspects of the 1989 decree.

I.

The final divorce decree ordered that "the [husband] shall pay child support to the [wife] in the amount of $400 . . . per child per month for [his two children]" and "shall pay spousal support to the [wife] in the sum of $200 . . . per month." It also provided that "[a]rrearages in the amount of $7,200 . . . for child support and $1,800 . . . for spousal support are owed by the [husband] to the [wife] as of August 31, 1989." Further, as required by Code § 20-60.3(12), the final decree gave "[n]otice . . . that in determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law."

This appeal arises from an order, entered in 2005, ruling that

> interest accrue[d] on all past due payments of support ordered by
> the Final Decree of Divorce, even though interest was not
> requested by [the wife,] . . . because each support amount required
> by the decree became a judgment as to each unpaid amount of
> support due and is governed by the concept that judgments accrue
> interest by operation of law.

The trial judge based this ruling on his finding that "the decree for support became a judgment by operation of law as to each due and unpaid amount of child support, and is governed by the concept that interest runs on judgments."

II.

The 1989 final decree in this case constituted a judgment for the arrearage of $9,000 owed by the husband to the wife for child support and spousal support. See Code § 20-78.2. This judgment carried the judgment rate of interest as of the date of entry of the decree, as determined by Code § 6.1-330.54.

When the final decree of divorce was entered on September 1, 1989, Code § 20-78.2 provided as follows:

> The entry of an order or decree of support for a spouse or for support and maintenance of a child under the provisions of this chapter or §§ 20-107.1 through 20-109 shall constitute a final judgment for any sum or sums in arrears. This order shall also include an amount for interest on the arrearage at the judgment interest rate if the person to whom such arrearage is payable requests that interest be charged. However, the burden shall be on the person to whom such arrearage is payable, upon instruction of the court, to compute all interest due at the judgment interest rate as established by § 6.1-330.54 and furnish this information to the court.

As the majority opinion notes, a statute must be interpreted in the context of the *whole* statute. See Posey v. Commonwealth, 123 Va. 551, 553, 96 S.E. 771, 771 (1918). In understanding the statute, it is important to read the last two sentences together. The last sentence in the statute referred to pre-judgment interest on an arrearage. That is, interest accrued on the arrearage before entry of the decree, and not the interest that will accrue on the arrearage when unpaid after entry of the decree.

An example of the application of this provision can be found in the Supreme Court's decision in Chattin v. Chattin, 245 Va. 302, 427 S.E.2d 347 (1993). There, the parties entered

into a property settlement agreement requiring the husband to pay monthly spousal support and to perform other obligations. Id. at 304, 427 S.E.2d at 349. When the husband violated the agreement, the wife sought specific performance, including continuing spousal support payments then in default, and she sought an award for past due spousal support. Id. The trial judge entered a final order assessing a spousal support arrearage of $46,800, id. at 306, 427 S.E.2d at 349, but refused to order "interest from the date each payment became overdue." Id. at 308, 427 S.E.2d at 351. On appeal, the Supreme Court considered whether the trial judge erred "in failing to award the wife prejudgment interest on overdue spousal support payments." Id. at 304, 427 S.E.2d at 348. Reversing the failure to order prejudgment interest, the Court held as follows:

> The wife is not barred from collecting such interest because she did not provide the trial court with a computation of interest due. By its plain language, Code § 20-78.2 places that burden on the moving party only "upon instruction of the court." The record before us does not show that the trial court requested the wife to make such a computation. Therefore, her failure to make the computation will not bar her recovery of those amounts.

Id. at 309, 427 S.E.2d at 351-52. This case illustrates that the statute references to interest imported prejudgment interest on the amounts constituting an arrearage, and did not preclude interest on the arrearage from the date of judgment until paid.

In the case we now consider, the wife was entitled to be awarded the judgment rate of interest on the $9,000 arrearages from September 1, 1989, until paid. See Code § 6.1-330.54. The last two sentences in the 1989 version of Code § 20-78.2 were not germane to the trial judge's decision in this case in 2005 because the wife was not seeking prejudgment interest on the arrearage.[2] In other words, she did not ask the trial judge to assess interest on the unpaid installments of support constituting the arrearage from the date the installments became due until

---

[2] In her response to the husband's motion to determine arrears or overpayment, the wife attached an exhibit which showed the husband's child support payment history beginning January 1991. It is this payment history that determines the interest that is due on the judgments.

the date they were paid. Had she sought to obtain prejudgment interest for the unpaid support payments constituting the arrearage, she would have been barred because she had not made that request prior to entry of the 1989 decree assessing the arrearage.

Simply put, because the 1989 final decree for divorce in this case did not fix an amount of prejudgment interest on the amounts in default that constituted the arrearage, the wife was not entitled to seek prejudgment interest after the 1989 order became final. She was entitled, however, to be awarded the judgment rate of interest on the $9,000 arrearages from September 1, 1989, until paid.[3] The latter award is what the 2005 order properly allowed.

III.

The 1989 final decree also assessed monthly spousal and child support payments and ordered the husband to pay those sums to the wife. By its express terms, the final decree gave the husband notice that "in determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law."

When interpreting legislation, we must read a statute "in the light of other statutes relating to the same subject matter." The Robert Bunts Eng'g & Equip. Co. v. J.E. Palmer, 126 Va. 206, 209, 192 S.E. 789, 790 (1937). Code § 20-78.2 provides that "[t]he entry of an order or decree of support for a spouse or for support and maintenance of a child under the provisions of this chapter . . . shall constitute a final judgment for any sum or sums in arrears." As the majority explains, Code § 20-60.3(12) requires all spousal and child support orders to contain a "[n]otice that in determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law." See also Code §§ 16.1-278.15(C); 20-107.1(H)(6); 63.2-1916(11) (reiterating that support obligations create judgments as a matter

---

[3] The principle is well established that "[t]he interest the law allows on judgments is not an element of 'damages' but a statutory award for delay in the payment of money due." Nationwide Mut. Ins. Co. v. Finley, 215 Va. 700, 702, 214 S.E.2d 129, 131 (1975).

of law). Code § 8.01-382 assesses interest on judgments: "If a judgment or decree be rendered which does not provide for interest, the judgment or decree . . . shall bear interest at the judgment rate of interest as provided for in [Code] § 6.1-330.54 from its date of entry . . . ."

The principle that an order for support is a judgment and thus subject to interest is best explained by the Supreme Court's application of the rule on interest in Alig v. Alig, 220 Va. 80, 255 S.E.2d 494 (1979), where the wife sought to enforce a decree awarding spousal support to her. The trial judge ruled that she was entitled to unpaid support but denied her request for interest on the unpaid support. Id. at 83, 255 S.E.2d at 496. The Supreme Court held that, "[a]s to the claim for interest, the general rule is that in the absence of factors making it inequitable, interest should be assessed on unpaid installments of alimony from the date they mature or become due until the date they are paid." Id. at 85, 255 S.E.2d at 497-98. This decision, awarding interest on unpaid monthly support payments, was rendered under the version of Code § 20-78.2 as it existed prior to the 1995 amendment.

In this case, the circumstances concerning interest on the monthly support payments to be made after 1989 are similar to those in Alig. Here, a final decree was entered in 1989, ordering the husband to pay to the wife monthly spousal and child support. The final decree also contained the statutory notice that "in determination of a support obligation, the support obligation as it becomes due and unpaid creates a judgment by operation of law." See Code § 20-60.3(12). To the extent that the husband failed to make those payments when they became due, "the support obligation as it [became] due and unpaid create[d] a judgment by operation of law." See Code § 20-60.3(12). As in Alig, no evidence in this record established that it would be inequitable to require the husband to pay judgment interest on moneys that were due and unpaid. Therefore, the trial judge did not err in awarding interest on the judgment. See Alig, 220 Va. at 85, 255 S.E.2d at 498 (holding that under the general rule judgment "interest should

- 10 -

be assessed on unpaid installments of [support] from the date they mature or become due until the date they are paid").

Similarly, in <u>Miederhoff v. Miederhoff</u>, 38 Va. App. 366, 564 S.E.2d 156 (2002), the final decree of divorce, entered in 1992, ordered the husband to pay monthly child support for a son. The wife filed an action eight years later alleging the husband owed $16,650 because he had failed to make payments between 1992 and 1996. <u>Id.</u> at 370, 564 S.E.2d at 157. The trial judge ruled that the arrearage was $16,800, that the husband was entitled to offset it by $11,611 for college payments he made for the son, and that the husband owed interest in the amount of $467. On appeal, the wife argued "that the trial court abused its discretion in limiting the accrual of interest." <u>Id.</u> at 371, 564 S.E.2d at 158. We reversed the trial judge's decision and held as follows:

> "The general rule is that in the absence of factors making it inequitable, interest should be assessed on unpaid installments of [support] from the date they mature or become due until the date they are paid." <u>Alig v. Alig</u>, 220 Va. 80, 85, 255 S.E.2d 494, 497-98 (1979). Interest is generally awarded at the judgment rate. The trial court's award of interest based on its determination of [the husband's] unpaid arrearage does not comport with this general rule and contains no statement of calculation permitting an assessment on appeal of whether that award represents a fair exercise of discretion. For that reason, we reverse the interest award and remand this case to the trial court for calculation of the interest awarded . . . and a statement on the record of that calculation.

<u>Miederhoff</u>, 38 Va. App. at 374-75, 564 S.E.2d at 160.

IV.

For these reasons, the trial judge properly ruled that the wife was entitled to the judgment rate of interest on "each due and unpaid amount of . . . support." In other words, the wife was entitled to interest on the $9,000 arrearage assessed in the 1989 decree and on the unpaid installments of support from the date they became due until the date paid.