COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, McClanahan and Senior Judge Coleman
Argued at Salem, Virginia


ARTHUR C. TAYLOR, JR.

MEMORANDUM OPINION[*] BY
v.      Record No. 1809-05-3           JUDGE ELIZABETH A. McCLANAHAN
                                                       JUNE 13, 2006
ARTHUR C. TAYLOR, III AND
  MARY ANN SNAPP


FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
Michael S. Irvine, Judge

Thomas C. Spencer (Spencer & Taylor, LLP, on brief), for appellant.

Thomas F. Hennessy for appellees.


        The trial court ordered Arthur C. Taylor, Jr. to pay a spousal support arrearage of

$143,872.44 to Mary Holt Taylor.[1]  The husband contends the trial court erred in granting the

wife's Motion for Summary Judgment holding him liable for spousal support.  He also

challenges the trial court's determination of the arrearage amount and the assessment of interest.

Finding no error, we affirm.

I.  BACKGROUND

        The parties married in 1948 and were divorced by a decree that ratified, confirmed, and

incorporated their January 2, 1985 property settlement agreement.  The PSA required the

husband to pay the wife "support and maintenance for the remainder of her lifetime at the rate of

One Thousand Two Hundred Fifty Dollars ($1,250) per month based on the purchasing power of

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] After Mary Holt Taylor died on April 13, 2005, Arthur C. Taylor, III and Mary
Ann Snapp were substituted as appellees.

the United States Dollar in calendar year 1984, such payment to be adjusted on a calendar year basis in accordance with a standard formula mutually satisfactory to the parties."

The husband varied his spousal support payments during the twenty-year period following the parties' divorce. Payments increased to $1,350 in 1987, and were reduced to $915 in 1989. In 2001, the wife filed a motion to reinstate, a motion to show cause, and a motion for judgment seeking a spousal support arrearage arising out of the final decree on the ground that the husband owed her $1,800 per month in support. Without a decision on any of the motions, both parties agreed to a nonsuit. The parties did not, however, submit any written agreement to modify the spousal support obligation or to adjust the amount on the terms as set forth in the PSA and final decree.

In 2002, the husband made monthly support payments of $1,250. Shortly after he missed the February 2003 payment, the wife instituted the current action seeking to enforce an arrearage in spousal support. In his pleadings, the husband maintained the parties mutually agreed "to adjust the spousal support in lieu of the accountings and adjustments required by the [Property Settlement] Agreement." He also alleged he provided reduced or free rent and purchased life insurance policies and a cemetery plot for the wife, which offset his support obligation. None of these adjustments were reduced to writing.

The wife filed a Motion For Summary Judgment alleging the husband was liable for past due spousal support because he failed to make his support payments in accordance with the terms of the PSA. After a hearing and review of the parties' memoranda of law, the trial court granted the wife's motion on the issue of liability.

The husband contends the trial court erred in granting the wife's motion for summary judgment because there were material facts in dispute.[2] He maintains he was not in arrears for past due payments because the parties agreed to adjust the terms of the spousal support agreement. Accordingly, he argues the trial court erred in refusing to consider evidence regarding their agreement to modify spousal support,[3] and summary judgment was erroneously granted.

## II. ANALYSIS

### A. Summary Judgment

Summary judgment is an appropriate, though drastic, remedy where there is no genuine issue of material fact and the moving party is entitled to prevail as a matter of law. Rule 2:21; Klaiber v. Freemason Assocs., 266 Va. 478, 484, 587 S.E.2d 555, 558 (2003); Thurmond v. Prince William Prof'l Baseball Club, 265 Va. 59, 64, 574 S.E.2d 246, 250 (2003); Turner v. Lotts, 244 Va. 554, 556, 422 S.E.2d 765, 766 (1992). Summary judgment "rules 'were adopted to allow trial courts to bring litigation to an end at an early stage when it clearly appeared that one of the parties was entitled to a judgment in the case as made out by the pleadings and the admissions of the parties.'" Carson v. LeBlanc, 245 Va. 135, 140, 427 S.E.2d 189, 192 (1993) (quoting Kasco Mills, Inc. v. Ferebee, 197 Va. 589, 593, 90 S.E.2d 866, 870 (1956)).

The trial court is empowered to modify spousal support awards. Code § 20-109(A). However, when the parties stipulate to the amount of spousal support and file that agreement

---

[2] The husband conceded at oral argument that his Questions Presented numbers 2 and 3 arose out of his challenge to the trial court's ruling on summary judgment. Those issues were whether the trial court erred "in finding the parties could not agree to adjust spousal support" and "in excluding evidence of the agreement made by the parties to adjust support."

[3] The husband proffered the following facts: the parties mutually agreed to modify spousal support, the wife conceded he complied with his support obligation, the wife breached the PSA, and this litigation was motivated by the son's ill-will.

without objection before the trial court enters a final divorce decree, the court must award spousal support in accordance with the terms of the parties' agreement. Code § 20-109(C); McLoughlin v. McLoughlin, 211 Va. 365, 368, 177 S.E.2d 781, 783 (1970); see also Harris v. Harris, 217 Va. 680, 681, 232 S.E.2d 739, 740-41 (1977).[4] When the agreement is affirmed, ratified and incorporated into the decree, Code § 20-109(C) provides that "no decree or order directing the payment of support and maintenance for the spouse . . . shall be entered except in accordance with that stipulation or contract."[5] The words in the statute are not ambiguous. Rutledge v. Rutledge, 45 Va. App. 56, 62, 608 S.E.2d 504, 507 (2005) (discussing Code § 20-109(C) as it applies to attorney's fees).

The trial court incorporated the parties' PSA into the final decree of divorce. The PSA specifically provided that the husband would pay the wife monthly spousal support for life. It set support at $1,250 per month based on the purchasing power of the dollar in 1984. The PSA and final decree contained a provision that the payment would "be adjusted on a calendar year basis in accordance with a standard formula satisfactory to the parties." No pleading, admission, or answer to interrogatories alleges or asserts that the parties agreed to an adjustment based upon "a standard formula satisfactory to the parties." To the contrary, the husband alleges that the parties agreed to modify the amount of support "in lieu of" the PSA spousal support provision.

---

[4] In Harris, the trial court ratified, confirmed, and incorporated the parties' contract, which provided that the husband would pay the wife $200 in alimony until her death or remarriage, into the final decree and ordered the parties to comply with its terms. Upon the husband's petition to suspend payment, the trial court found a change of circumstances and suspended payment. The Supreme Court reversed because "the trial court erred in suspending payment of alimony to which [the wife] was entitled under the contract ratified and approved by the *a vinculo* decree." 217 Va. at 681, 232 S.E.2d at 740.

[5] When the trial court affirms, ratifies and incorporates that agreement into the final decree, "it shall be deemed for all purposes to be a term of the decree, and enforceable in the same manner as any provision of such decree." Code § 20-109.1.

The husband maintains the court erred in granting summary judgment by failing to consider the parties' post-decree verbal agreement to modify spousal support.

When reviewing a trial court's ruling on a summary judgment motion, we review the record, "limited to the parties' pleadings, requests for admissions, and interrogatories," and "'accept[] as true "those inferences from the facts that are most favorable to [the husband], unless the inferences are forced, strained, or contrary to reason."'" Klaiber, 266 Va. at 484, 587 S.E.2d at 558 (citations omitted).

Even accepting the husband's allegations that the parties agreed to modify spousal support "in lieu of" a standard formula satisfactory to both parties, the fact remains that neither party petitioned to modify the spousal support award and decree pursuant to Code § 20-109(C) in accordance with any subsequent oral or written agreement. See McLoughlin, 211 Va. at 368, 177 S.E.2d at 783. Evidence of any post-decree agreement, unrelated to the Social Security Administration Cost of Living Allowance (COLA), was therefore irrelevant. The husband remained liable under the original terms of the spousal support agreement, and his payments clearly did not comply with its terms. "[C]ourt-ordered [spousal] support becomes vested when it accrues and the courts are without authority to make any change with regard to arrearages." Smith v. Smith, 4 Va. App. 148, 152, 354 S.E.2d 816, 818-19 (1987) (wife entitled to *pendente lite* support that accrued before suit dismissed). On this record, the trial court did not err as a matter of law in granting the wife's summary judgment motion.

### B. Award of Interest on Arrearage

Next we consider Question 6, whether the trial court erred in awarding interest on the arrearage. The husband contends it was inequitable to do so in this case.

The trial court ordered the husband to pay interest on the arrearage under Code § 20-78.2. That statute provides, "The entry of an order or decree of support for a spouse . . . shall constitute

a final judgment for any sum or sums in arrears. This order shall also include an amount for interest on the arrearage at the judgment interest rate . . . ." In 1995, the General Assembly made the award of interest mandatory. 1995 Va. Acts, ch. 483. Thus, trial courts have no discretion.

The husband's reliance on Miederhoff v. Miederhoff, 38 Va. App. 366, 564 S.E.2d 156 (2002), is misplaced. That holding supports the wife's position in the instant case. In Miederhoff, the trial court awarded interest on a child support arrearage. The record, however, contained no calculation of how that interest amount was determined. Recognizing that interest is generally awarded at the judgment rate, the Court reversed and remanded for "calculation of the interest awarded" to the wife "and a statement on the record of that calculation." Id. at 375, 564 S.E.2d at 160. The Miederhoff Court, without expressly citing the statute, followed the mandate of Code § 20-78.2. Accordingly, we cannot say the trial court erred as a matter of law in assessing interest pursuant to the statute.

## C. Waived issues

In Question 4, the husband contends the trial court erred in granting the wife "retroactive spousal support adjusted pursuant to the social security cost of living index." The husband neither offered a formula for the court to consider, nor did he object to the two formulas the wife's expert presented. The expert offered two possible methods of computing the arrearage: COLA and the Consumer Price Index (CPI). Despite the expert's opinion that the CPI "reflects more accurately the true changes in the cost of living, or inflation . . . over time," the trial court chose the COLA formula, which favored the husband because it produced a smaller arrearage than the CPI. The husband did not object to the trial court's choice and, in fact, conceded the trial court was authorized to choose. Under Rule 5A:18, the husband did not preserve this issue for appeal.

Furthermore, the husband failed to cite any legal authorities to support his position. Rule 5A:20(e) requires that an opening brief shall contain the "principles of law, the argument, and the authorities relating to each question presented." "Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992); see also Mullin v. Mullin, 45 Va. App. 289, 306, 610 S.E.2d 331, 339 (2005); Budnick v. Budnick, 42 Va. App. 823, 833-34, 595 S.E.2d 50, 55 (2004). Having failed to do so, the husband waived this issue on appeal.

Questions 5 and 7 are defaulted. The husband's brief failed to reference any pages in the appendix where he preserved these issues for appeal. Instead, he cites generally to the references for Questions Presented 1-4. Rule 5A:20(c) provides that the brief shall contain a "statement of the questions presented with a clear and exact reference to the page(s) of the . . . appendix where each question was preserved in the trial court." See Courembis v. Courembis, 43 Va. App. 18, 25-26, 595 S.E.2d 505, 509 (2004). As we stated in Buchanan, "[w]e will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." 14 Va. App. at 56, 415 S.E.2d at 239. The husband failed to comply with Rule 5A:20(c). Accordingly, we cannot determine whether the husband preserved these issues under Rule 5A:18. Barrs v. Barrs, 45 Va. App. 500, 512, 612 S.E.2d 227, 232-33 (2005). The husband also waived these issues for appeal because his brief does not cite any legal authority in support of his position in violation of Rule 5A:20(e).

### III. CONCLUSION

For these reasons, we affirm the trial court's granting of the wife's motion for summary judgment and award of $143,872.44 in spousal support arrearages.

Affirmed.